## ROBERT PLITKO *v.* STATE OF MARYLAND

[No. 123, September Term, 1970.]

*Decided January 25, 1971.*

The cause was argued before MURPHY, C.J., and ANDERSON and POWERS, JJ.

*Robert A. Sapero* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Hilary D. Caplan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant Plitko was convicted at a court trial of carrying a shotgun in his motor vehicle, having a barrel less than twelve inches in length, in violation of a Baltimore City Ordinance.[1] He contends on appeal, as he did below, that the gun was unlawfully seized by police from the trunk of his car in violation of his Fourth Amendment

---

1. See Baltimore City Code (1966 Edition), Article 19, Sections 81-86, inclusive.

right to be secure against unreasonable searches and seizures.[2]

The evidence adduced at trial showed that on Sunday morning, June 1, 1969, at 2:40 a.m., Officer Clifford Wendricks had his attention called to two "loud" cars parked on a public street in Baltimore. Behind the wheel of one of the vehicles was appellant; with him were two men and two women. The other vehicle contained four male occupants. All of them appeared to be drinking beer in violation of a Baltimore City Ordinance making it a misdemeanor to consume alcoholic beverages in a motor vehicle parked on a public street.[3] Officer Wendricks arrested all nine persons for violation of this ordinance. He ordered them out of the vehicles and "patted down" the male arrestees. Appellant was asked for, and produced, his vehicle registration card. Other officers, together with a paddy wagon, arrived on the scene in response to Wendricks's call for assistance. The interiors of both cars were searched. Several cases of beer were observed, together with a fifth of liquor and some wine. The trunk of appellant's vehicle was opened and searched; the incriminating shotgun was found therein, together with some shotgun shells and hunting clothing. After the searches were concluded, appellant and his companions were taken to the police station in the paddy wagon. Appellant's car was thereafter removed to an impounding lot by tow truck.

Officer Wendricks testified that he called the tow truck because appellant had been arrested, his car was illegally parked in a no parking zone, and "the ignition key was in the ignition and you couldn't get it out." Wendricks explained that "police policy and procedure" required him "to check the car and the trunk for valuables that are

2. Appellant was first convicted of the offense in the Municipal Court of Baltimore City and sentenced to one year imprisonment. He appealed to the Criminal Court of Baltimore and after a *de novo* hearing he was again convicted and the same sentence was imposed. His further appeal to this court is authorized by Maryland Code, Article 5, Section 12A (6).

3. See Baltimore City Code (1969 Ed.), Article 19, Section 18.

left in the car"; that he was required to take the valuables into custody "so they don't go to the impound lot where it has been known that things become missing."

Officer Gary Lembach, another of the arresting officers, testified that it was necessary to tow appellant's vehicle away because "we couldn't get the key out of the ignition and we certainly couldn't leave it there and be responsible for the automobile and the property contained therein." Under these circumstances, Lembach thought it necessary to search the vehicle and "itemize" the contents.

It is undisputed that the ignition key was stuck in the ignition and could not be removed; indeed, appellant so testified. The record also shows that the trunk key was removed from the key ring which contained the stuck ignition key; by this means the trunk was entered.

The lower court found that the arrest was lawful because the officer had probable cause to believe that appellant was committing, in his presence, the misdemeanor of unlawfully consuming alcoholic beverages on a public street.[4] The court concluded, however, that the search of the trunk was neither incident to appellant's arrest, nor based upon probable cause to believe that the vehicle contained articles that the police were entitled to seize.[5] Instead, the court held the seizure of the shotgun lawful on the ground that it was reasonable in the circumstances for the police to inventory the vehicle's contents in order to protect and safeguard the owner's property.

It has been held that the making of an inventory of the contents of a motor vehicle by police officers following a lawful arrest of the owner or driver may not constitute a search in the constitutional sense where the evidence clearly shows that the making of such inventory was not a subterfuge to conduct an exploratory search but instead was a *bona fide* attempt to safeguard the owner of the inventoried property against loss. *See Mackall v.*

---

4. The maximum penalty for the offense is a $100.00 fine.
5. *See Chambers v. Maroney*, 399 U. S. 42, 26 L.Ed. 2d 419; *Middleton v. State*, 10 Md. App. 18.

*State,* 7 Md. App. 246; *Reagan v. State,* 4 Md. App. 590; *Kleinbart v. State,* 2 Md. App. 183; *St. Clair v. State,* 1 Md. App. 605. We recognize in *St. Clair* that difficulty would be encountered in distinguishing a *bona fide* inventory from a mere subterfuge to search; we held, however, that the fact that abuses sometimes occur during the course of criminal investigations should not give a sinister coloration to procedures which are basically reasonable, it being for the trier of fact to see that no subterfuge is employed to undermine the constitutional protection afforded by the Fourth Amendment.

On the evidence before it, the lower court could properly find that the arresting officer had probable cause to believe that appellant was consuming alcoholic beverages in his presence while sitting in his parked car on a public street. However unusual it may be for a police officer to make a full custody arrest for this offense, the fact remains that he had a right to do so and that the arrest was lawful. *See Johnson v. State,* 8 Md. App. 187; *Robinson v. State,* 4 Md. App. 515. Left in possession of an illegally parked motor vehicle with the ignition keys stuck in the ignition, we cannot say, in the circumstances of this case, that the officers acted in violation of appellant's Fourth Amendment rights in inventorying the contents of appellant's car, including the trunk, prior to having the vehicle towed away.

Appellant suggests that the evidence was insufficient to support his conviction for "deadly weapon." The record shows that appellant was charged in the Municipal Court with violation of the Baltimore City Ordinance, that he so understood, and that the court convicted him of this offense upon the State's evidentiary showing that the shotgun was found in the trunk of appellant's car under circumstances from which it was properly inferable that the gun belonged to him and he knew it was there. The gun was introduced in evidence and was physically before the court when it returned its guilty verdict; no question was raised at the trial that the barrel was

40

more than twelve inches in length.[6] And while appellant urges that the ordinance under which he was convicted was not introduced in evidence, and, consequently, was not before the court, Maryland Code (1970 Cum. Supp.), Article 35, Section 66A, provides that municipal ordinances "shall be judicially noticed." As indicated, we think it clear that the court convicted appellant with full knowledge of the substance of the ordinance under which he was charged.

*Judgment affirmed.*

---

6. Although introduced as an exhibit at trial, the gun was **not** included as part of the record on appeal.