154

366 A.2d 1238

COMMONWEALTH of Pennsylvania,
Appellant,

v.

John W. BRANDT, Appellee.

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Dec. 15, 1976.

John J. Hickton, Dist. Atty., Charles W. Johns, Asst. Dist. Atty., Pittsburgh, for appellant.

Alan L. Carb, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County granting defendant-appellee's motion to suppress physical evidence.

 Initially, we determine that the Commonwealth has the right of appeal from this order. It is clear that the Commonwealth has no other evidence against the appellee and, if the suppression order is upheld, the prosecution will necessarily terminate. Our Supreme Court has consistently held that the Commonwealth may appeal from an adverse ruling in a criminal case where the question involved is purely one of law, but cannot appeal where the reason for the adverse ruling is an admixture of law and facts. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Melton*, 402 Pa. 628, 168 A.2d 328 (1961). On the present appeal the question is purely one of law and the Commonwealth may appeal. *Commonwealth v. Bow-*

*den,* 456 Pa. 278, 309 A.2d 714 (1973) ; *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973).

The facts of the case, as found by the hearing judge, are as follows:

On January 21, 1975, at approximately 10:20 P. M. two Mt. Lebanon Township police officers came upon appellee's automobile resting diagonally against a metal utility pole on Washington Road. The front end of the automobile was damaged, apparently from impact with the pole, and the automobile was inoperable. Appellee, John W. Brandt, was alone in the driver's seat and appeared incoherent. When the officers attempted to remove him from the automobile, he became combative. Handcuffs and stretcher restraints were needed to transport him to the hospital.[1] As part of routine police department procedure where an automobile is to be towed, the police inventoried the contents of the automobile. During their inventory the police found a brown paper bag under the front seat and, upon opening the bag, discovered a plastic bag of suspected marijuana.[2] Relying on our Supreme Court's decision in *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973), the hearing judge granted appellee's motion to suppress holding that

1. It is unclear from the hearing judge's opinion whether or not there was a specific finding of fact that appellee was arrested prior to being transported to the hospital. The judge did conclude that, "this search [cannot] be justified on the basis that it was incident to a lawful arrest, for assuming arguendo that an arrest was made for an offense other than a minor traffic violation, which we doubt, the search went well beyond the defendant and the area within his immediate control, *Commonwealth v. Smith,* 452 Pa. 1, 304 A.2d 456 (1973)." In any event, it appears that appellee was incapable of either maintaining custody of his vehicle or supervising its removal from the scene.

2. In ruling on appellee's motion to suppress the hearing judge stated, "that while the police may have had a right to make an inventory of the contents for the purpose of returning them, 100 per cent to the defendant, they could not serve as a basis for a criminal action since the marijuana was not in plain view. The brown paper bag may have been in plain view, but not the marijuana. The contraband was not in plain view."

any warrantless search of an automobile must be justified by probable cause, and that there was no probable cause to search in the instant case. Because we agree with the Commonwealth's position that warrantless inventory searches are not *per se* unreasonable absent a showing of probable cause, we reverse and remand.[3]

■ The fourth amendment to the United States Constitution provides that people are to be secure against "unreasonable" searches and seizures. This constitutional provision is made applicable to the states through the due process clause of the fourteenth amendment. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The evidence reveals that there was no probable cause to search, that a search warrant was not sought, nor would one have been granted. Our initial inquiry, therefore, must focus on whether the hearing judge properly concluded that, absent a showing of probable cause, a warrantless inventory search of an automobile lawfully in the custody of the police is unreasonable.

■ Neither the fourth amendment of the United States Constitution nor Article I, Section 8 of our Commonwealth's Constitution prohibit all searches and seizures. Neither the fourth amendment nor Article I, Section 8, supra require that every search be made pursuant to a warrant. These constitutional provisions only prohibit "unreasonable" searches and seizures.

■ The policy underlying the warrant requirement in the fourth amendment is that police have the

3. It has also been argued that an inventory search by police is not really a "search" within the constitutional sense in that in an inventory there is no nexus between the intrusion and a specific intent to gather criminal evidence. See *People v. Sullivan*, 29 N. Y.2d 69, 323 N.Y.S.2d 945, 272 N.E.2d 464 (1971), Annot., 48 A.L. R.3d 537 (1973). The merits of this contention will not be considered in light of the fact that the Commonwealth concedes that the inventory was a search. An inventory, even though characterized as a search, can still be a permissible intrusion absent a showing of probable cause. *Cady v. Dombrowski*, 413 U.S. 433, 442, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

160

right to search only when a neutral and detached magistrate can infer probable cause from the facts presented to him. The rationale for not allowing the police officer to make this judgment is that we do not want the existence of probable cause to be determined "by the officer engaged in the often competitive enterprise of ferreting out crime." *Coolidge v. New Hampshire*, 403 U.S. 443, 449, 91 S.Ct. 2022, 2029, 29 L.Ed.2d 564 (1971). Implicit in the fourth amendment's language is the proposition that these searches for which a warrant and, *a fortiori*, probable cause are required are ones where the intrusion is coupled with the intent of discovering evidence of a crime. Cf. *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

■ An inventory takes place when it is not coupled with the intent of discovering evidence of a crime. The inventory is conducted not for the purpose of uncovering incriminating evidence, but for the purpose of safeguarding the contents of the vehicle for the benefit of both the owner and the police. This benevolent purpose was recognized by the United States Supreme Court in its recent decision of *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). In *Opperman*, the police, following standard department procedures, inventoried the contents of a locked automobile which had been impounded for ordinary parking violations. In the course of the inventory, police opened the glove compartment and discovered marijuana. Opperman was subsequently arrested for possession of the marijuana, his motion to suppress the evidence was denied and he was convicted. The Supreme Court of South Dakota reversed the conviction holding that the evidence had been obtained in violation of Opperman's fourth amendment rights. *State v. Opperman*, 228 N.W.2d 152 (S.D.1975). In holding that the warrantless inventory of Opperman's automobile did not constitute an unreasonable search in

violation of the fourth amendment, the court specifically noted that:

"In analyzing the issue of reasonableness *vel non* the courts have not sought to determine whether a protective inventory was justified by 'probable cause.' The standard of probable cause is peculiarly related to criminal investigations, not routine, noncriminal procedures. . . . The probable-cause approach is unhelpful when analysis centers upon the reasonableness of routine administrative caretaking functions, particularly when no claim is made that the protective procedures are a subterfuge for criminal investigations.

In view of the noncriminal context of inventory searches, and the inapplicability in such a setting of the requirement of probable cause, courts have held—and quite correctly—that search warrants are not required, linked as the warrant requirement textually is to the probable-cause concept. . . . With respect to noninvestigative police inventories of automobiles lawfully within governmental custody . . . the policies underlying the warrant requirement . . . are inapplicable.[4] 428 U.S. at 370, 96 S.Ct. at 3097, n. 5.

In explaining the noninvestigative functions of inventories the court explained that, "These procedures developed in response to three distincts needs: the protection of the owner's property while it remains in police custody, . . . the protection [of] the police against claims or disputes over lost or stolen property, and the protection of the police from potential danger . . . ."[5] 428 U.S. at 369, 96 S.Ct. at 3096.

**4.** Recently, in *Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (Filed: October 20, 1976), our Supreme Court favorably cited *Opperman* for the proposition that items discovered in plain view during a valid inventory procedure may be used as evidence against the vehicle's owner.

**5.** It should be noted that to hold that all warrantless inventory searches must be predicated on probable cause would require

162

As noted earlier both federal and state constitutional provisions prohibit only "unreasonable" searches and seizures. The reasonableness of the search turns on the facts and circumstances of the particular case. *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L. Ed.2d 777 (1964); *Commonwealth v. Bosurgi, supra.* We believe that absent probable cause, a search of an automobile is reasonable provided that the Commonwealth prove two elements. First, the Commonwealth must show that the vehicle was lawfully within the custody of the police.[6]

Secondly, the Commonwealth must show that the search was in fact an inventory search pursuant to the objectives laid down in *Opperman, supra,* and noted earlier in this opinion. The hearing judge must be convinced that the police intrusion into the automobile was for the purpose of taking an inventory of the car and not for the purpose of gathering incriminating evidence. Those facts and circumstances which the hearing judge must consider include the scope of the search, the procedure utilized in the search, whether any items of value were in plain view, *State v. Tully,* 348 A.2d 603 (Conn.1975); the reasons for and nature of the custody, *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed. 2d 730 (1967); the anticipated length of the custody, and any other facts which the court deems important in

applying the exclusionary rule to inventories. In *Mapp v. Ohio,* supra, the Supreme Court of the United States justified application of the exclusionary rule to states chiefly upon the belief that exclusion would deter unwanted police conduct. In an inventory situation, the police are searching the automobile to prevent loss to the owner as well as in protecting themselves from civil liability, and there is no justification for deterring this police conduct.

**6.** The inventory may be taken prior to having the vehicle towed. *Plitko v. State,* 11 Md.App. 35, 272 A.2d 669 (1971) or after the vehicle has been towed. *Cady,* supra. See also Annot., 48 A.L. R.3d 537 (1973). The question of how long the police had custody of the automobile before taking an inventory goes to the issue of the purpose of the search, not to whether the police had lawful custody of the vehicle at the time of the search.

its determination. If, after weighing all the facts and circumstances, the court is of the opinion that it was an inventory search of an automobile lawfully in police custody, then any evidence seized as a result of this "reasonable" inventory search is admissible.[7] If, on the other hand, the hearing judge determines that the Commonwealth has not shown that the search was part of the police caretaking function rather than their investigative function, the probable cause-warrant standard must be used for determining reasonableness.

Accordingly, we reverse the order of the court below and remand for further proceedings not inconsistent with this opinion.

7. The term "reasonable" inventory search like the term "legal" contract is verbose. If the search is, in fact, an inventory search, it must be reasonable. For example, if while taking inventory of the contents of the car, the police remove the seats, rip open the upholstery and find contraband, the evidence must be suppressed —not because the inventory was unreasonable but rather because it is apparent that the police were not conducting an inventory pursuant to the objectives laid down in *Opperman*, but were searching for incriminating evidence.