375 A.2d 76

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Albert RANDLE.**

Superior Court of Pennsylvania.

Argued March 14, 1977.

Decided June 29, 1977.

---

240

Sheryl Ann Dorney, Assistant District Attorney, with her Donald L. Reihart, District Attorney, York, for appellant.

Daniel W. Shoemaker, York, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of York County granting defendant-appellee's motion to suppress physical evidence. The question presented for our determination is whether the challenged evidence was discovered by means of an illegal search. For the reasons developed below, we reverse and remand.

Briefly stated, the record of the suppression hearing discloses these pertinent facts: On November 22, 1975, appellee John A. Randle was stopped by a Pennsylvania State Police Trooper on U.S. Route 30 for exceeding the lawful speed limit. Appellee had neither an operator's license nor a registration card, and gave conflicting answers to the trooper as to his identity and right to possess the automobile. In addition, he exhibited an expired agreement for the rental of the automobile to another person. Thereupon appellee was arrested for the motor vehicle violation and taken into custody; the vehicle he had been operating was impounded and taken to the police station. At the police station, the troopers conducted an "inventory search" of the automobile, in the course of which an unlicensed firearm and certain drugs were discovered.

Appellee was subsequently charged with the unlawful possession of those items. On March 10, 1976, appellee's counsel filed an application to suppress evidence, which was granted on April 27, 1976. The Commonwealth's appeal from that order followed.

In reviewing the lower court's determination, we first observe that the hearing judge correctly stated in his opinion that there was no probable cause to support the warrantless search of the automobile, and that the search could not be justified as incident to an arrest. He further concluded, however, that appellee's motion to suppress must therefore be granted. We disagree with the hearing judge, and find our recent decision in *Commonwealth v. Brandt*, 244 Pa.Super. 154, 366 A.2d 1238 (1976) dispositive of the instant case.

■ Relying on *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), we held in *Brandt* that warrantless inventory searches of automobiles are not *per se* unreasonable absent a showing of probable cause. Such a search is reasonable, provided the Commonwealth proves that (1) the vehicle was lawfully within the custody of the police, and (2) the search was in fact an inventory search. In the instant case, the hearing judge did not consider whether or not the police intrusion constituted an inventory search of an automobile lawfully in police custody. We, therefore, reverse and remand. If, after weighing all the facts and circumstances,[1] the hearing judge determines that the action of the troopers was part of their caretaking function rather than their investigative function, any evidence seized as a result of this inventory search is admissible.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

---

1. In *Brandt*, we stated that those facts and circumstances include, *inter alia*, "the scope of the search, the procedure utilized in the search, whether any items of value were in plain view, . . . the reasons for and nature of the custody, . . . [and] the anticipated length of the custody . . .." 244 Pa.Super. at 162, 366 A.2d at 1242.