482 A.2d 619

**COMMONWEALTH of Pennsylvania**

v.

**Gerald LANDAMUS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed Sept. 28, 1984.

Philip T. Medico, Jr., Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.

DEL SOLE, Judge:

This appeal was taken from the Judgment of Sentence from a burglary conviction. The issue raised is whether physical evidence found from the search of Appellant's vehicle was properly admitted into trial.

The crucial facts are that on January 2, 1981, the Stella residence in Plains Township was burglarized and several pieces of jewelry were taken. Two weeks later on January 16, 1981, Dominick Augustine, a neighbor of the Stella's, accompanied police to Wilkes-Barre where he identified Appellant's automobile as being the same as the one he had seen near the Stella home on the night of the burglary. The original description he gave police was that the car was a blue Dodge, Pennsylvania license No. DDU 660, 760 or 670, and the car identified was a blue Dodge No. BBU–670. Appellant's car, which was parked at the curb adjacent to his property, was impounded. The car was reported by Whitney Klein, a neighbor and friend of Landamus', to have not been driven for two weeks (which would have been the night of the robbery). It is not clear from the record whether Appellant was arrested and charged with the burglary and theft prior to the impoundment of his vehicle. Both events, however, occurred within a short time of each other on January 16, 1981. Appellant was arrested in his home. Prior to applying to a magistrate on January 19 for

a warrant to search the car, police made an inventory search. A diamond pin, a pair of earrings initialed with an "A" and an aqua-colored earring were found on and under the seats. Mrs. Stella identified them as her missing jewelry. The warrant was granted on the 19th, and a second search produced no new items.

The search warrant used to inventory the car was found to be invalidly executed by the Common Pleas Court under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. U.S.,* 393 U.S. 410, 80 S.Ct. 584, 21 L.Ed.2d 637 (1969).

We must decide whether the impounding and inventorying of Appellant's vehicle without a warrant was lawful.

The Commonwealth claims that the items were properly discovered and admitted into trial based on a lawful, though warrantless, inventory search. There is no assertion that the items discovered were in "plain view" or that the seizure of the car was incident to a lawful arrest.

■■■■ The Fourth Amendment, which was made applicable to the States through the Due Process Clause of the Fourteenth Amendment in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), mandates that government searches be "reasonable". A true inventory search:

> (T)akes place when it is not coupled with the intent of discovering evidence of a crime. The inventory is conducted not for the purpose of uncovering incriminating evidence, but for the purpose of safeguarding the contents of the vehicle for the benefit of both the owner and the police. *Commonwealth v. Brandt,* 244 Pa.Super. 154, 160, 366 A.2d 1238, 1241 (1976).

■■■■ Although automobiles have been given less constitutional protection by the courts because of their mobility and the increased governmental interest in the efficient and unimpeded use of public highways, "it is clear that there is no 'automobile exception' as such and that constitutional protections are applicable to searches and seizures of a person's car." *Commonwealth v. Holzer,* 480 Pa. 93, 389

A.2d 101 (1978). Instead of determining whether probable cause existed to justify the search and seizure, courts have analyzed such protective inventorying of automobiles using a standard of reasonableness, *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), thus encompassing the idea that these procedures are "searches" to be governed by the Fourth Amendment.

The U.S. Supreme Court wrote:

The relevant test is not the reasonableness of the opportunity to procure a warrant, but the reasonableness of the seizure under all the circumstances. The test of reasonableness cannot be fixed by per se rules; each case must be decided on its own facts. *Coolidge v. New Hampshire,* 403 U.S. [443] at 509–510, 91 S.Ct. [2022 at] 2059, 29 L.Ed.2d 564 (Justice Black, concurring and dissenting).

 It was determined in this case that Appellant had no access to his vehicle once he was arrested. Following *Commonwealth v. Brandt,* 244 Pa.Super. 154, 366 A.2d 1238 (1976), where there is no clear probable cause to justify such a search and seizure, the elements that the Commonwealth must show in order to legitimize such a search are: "First, the Commonwealth must show that the vehicle was lawfully in the custody of police. Secondly, the Commonwealth must show that the search was in fact an inventory search." *Brandt,* 244 Pa.Super. at 162, 366 A.2d at 1242. Because this Court has defined a determination of an inventory search as a legal conclusion based on underlying facts rather than a factual conclusion, we are able to review the common pleas court's holding that what occurred here was indeed an inventory search. *Commonwealth v. Burgwin,* 254 Pa.Super. 417, 386 A.2d 19 (1978).

In determining whether the car was lawfully in the custody of police, we note that Appellant's vehicle was parked at the curb near his home, there was no obstruction of traffic, two weeks had passed since the robbery occurred, and reports indicated that the car had not been driven since that time. The common pleas court cited *Commonwealth v.*

*Holzer,* 480 Pa. 93, 389 A.2d 101 (1978), as controlling in the determination that the seizure was lawful.

The Court in *Holzer* found that:

It is reasonable, therefore, for constitutional purposes for police to seize and hold a car until a search warrant can be obtained, where the seizure occurs after the user or owner has been placed into custody, where the vehicle is located on public property, and where there exists probable cause to believe that evidence of the commission of the crime will be obtained from the vehicle. *Commonwealth v. Holzer,* 480 Pa. 93, 96, 389 A.2d 101, 106 (1978).

■ In *Holzer,* the police were concerned with losing evidence thought to be inside the vehicle because, even though defendant was incarcerated, a co-conspirator to the murder was unapprehended and defendant's girlfriend and family lived near where the car was located. The homicide was reported to have occurred in the car, and police seized it only two days after the crime. Given those facts, the Court found that police fears of losing valuable evidence were reasonable. The passage of time in this case, along with the fact that no testimony was offered to indicate concern that the car would be moved (since it had not been moved for two weeks), or that the car would yield valuable evidence of the crime, as in *Holzer,* leads to the conclusion that the seizure of the car without a warrant was not supported by the facts. More importantly, in *Holzer,* the Court took note that even after the car was impounded, no subsequent search of the car's interior was made until police had secured a warrant.

■ Under the second prong of the analysis, i.e. whether the search was in fact for inventorying purposes, the Court must be convinced that the procedure was meant to protect the car's contents for the owner and to insure the safety of police. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The Court paid specific attention to the fact that the seizure and inventorying of the car was done according to routine procedure and unlikely to be motivated by a desire to search for evidence. The

car, which was illegally parked and ticketed several times, was impounded by police pursuant to motor vehicle laws. Marijuana was discovered during the inventorying of the car's contents, leading to charges of possession against the owner. In contrast, Appellant's car was not seized because it was obstructing traffic. The officers admitted that the purpose of impounding the vehicle was:

Q: And, when you seized the car, what was your purpose?

A: That car was used in the commission of a crime. I seized it as evidence. (Stenographic Record of May 6, 1981, p. 35).

■ We can draw no other conclusion than police had a motive to search for evidence when they seized the car. The major obstacle to the success of the Commonwealth's argument that this was a valid inventory search is that the officers applied for a warrant to search the vehicle for evidence after they discovered the jewelry in the car. This strongly indicates that the motive behind their actions was to secure evidence against the Appellant.

The Commonwealth, in justifying the police action, makes reference to what has become a separate class of exceptions to Fourth Amendment protection. First articulated in *Coolidge v. New Hampshire*, 403 U.S. 443, 454, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564 (1971). The U.S. Supreme Court held:

The warrant requirement, however, is excused where exigent circumstances exist .. Exceptions arise where the need for prompt police action is imperative, either because evidence sought to be preserved is likely to be destroyed or secreted from investigation, or because the officer must protect himself from danger to his person by checking for concealed weapons.

■ This Court has further provided a two-part analysis: "The general rule dealing with warrantless automobile searches allows that a car may be searched or seized without a warrant if there are both exigent circumstances and probable cause to believe that the car will yield contraband or useful evidence for the prosecution of a crime."

*Commonwealth v. Cooper,* 268 Pa.Super. 99, 407 A.2d 456 (1979). Such exigent circumstances were present in *Commonwealth v. Brandt,* 244 Pa.Super. 154, 161, 366 A.2d 1238, 1242 (1976), where defendant's vehicle had struck a pole and he was physically fighting police in their attempts to help him; in *Opperman,* where the car was illegally parked and ticketed; in *Commonwealth v. Scott,* 469 Pa. 258, 356 A.2d 140 (1976), where the car was in a high crime area and stereo equipment was on the seat in "plain view"; and in *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), where defendant's automobile was disabled following an accident and the police observed that defendant was intoxicated and unable to provide for the towing of his vehicle. After he told police he was also an officer and was taken to the hospital, the police searched the trunk looking for his regulation revolver. The search was upheld, supported by the exigencies. Appellant's vehicle, in this case, was not illegally parked, nor was it in his control at the time of arrest to make it necessary to have the car towed. No jewels were seen in "plain view". There are simply no facts supporting an exigent circumstance. In *Commonwealth v. Burgwin,* 254 Pa.Super. 417, 386 A.2d 19 (1978), the warrantless search of a car trunk after defendant was in custody was struck down for lack of any exigency and for not being evidence of standard police procedure. The routine nature of this action is likewise absent under the present facts. We are also not persuaded that there was probable cause to believe evidence or the fruits of the crime would be found in the car. To quote the dissenting opinion of Judge Toole from the common pleas court decision below:

> In the instant case, the vehicle was impounded not because there was probable cause to believe that evidence of the commission of the crime could be obtained from the vehicle, or because the vehicle was parked in violation of any law posing a threat to the safety of others, or because it was necessary to preserve evidence until a search warrant could be obtained ... The mere fact that a vehicle may have been involved in the commission of a

crime does not automatically authorize its search and seizure. There is no testimony in this record to indicate any probable cause to believe that evidence of the commission of this burglary could be obtained from the vehicle. This is particularly true since the alleged burglary in this case took place approximately fourteen (14) days before the so-called inventory search. We further add that there is no testimony in the record indicating even a suspicion that the car could or would be moved from the area where is was parked and any evidence lost. (At page 3–4).

 We also do not have a situation similar to that in the recent U.S. Supreme Court case of *U.S. v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Court in *Leon* recognized a "good faith" exception for police who have obtained a warrant and reasonably relied on it to conduct a search, only to have the warrant subsequently found to be invalidly issued. Under our facts, the effort to procure a valid search warrant by police was done as an afterthought. The seizure and search had been accomplished, and the warrant was sought to legitimize the earlier illegal police conduct. The Court specifically preserved "the continued application of the rule to suppress evidence from the (prosecution's) case where a Fourth Amendment violation has been substantial and deliberate." *U.S. v. Leon*, —— U.S. at p. ——, 104 S.Ct. at p. 3413. We have such a situation at hand.

 Since there was no probable cause to believe that the car would yield evidence of the crime, no exigent circumstances, no lawful inventory search or a search pursuant to a valid warrant, this evidence must be suppressed at trial.

Judgment of Sentence is vacated and the case is remanded for a new trial.

Jurisdiction is relinquished.