656 A.2d 527

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert STEINMETZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 1995.

Filed March 31, 1995.

Anthony J. Martino, Bangor, for appellant.

John M. Morganelli, Dist. Atty., Bethlehem, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence entered June 6, 1994 for driving under the influence of alcohol, pursuant to 75 Pa.C.S. § 3731(a)(1), (4). Appellant, Robert Steinmetz, presents the following issues for our review:

1. Whether the lower court erred in holding that the officer had lawful grounds to stop and approach the appellant's vehicle so as to justify the arrest and subsequent seizure of evidence?

2. Whether the lower court erred by improperly allowing the jury to consider the opinion of the medical expert to relate the blood alcohol test back to the time of the stop when that opinion was based upon assumptions as to facts not in the record?

Appellant's Brief at 14. For the reasons set forth below, we reverse and remand.

On June 14, 1992, at approximately 6:21 p.m., Police Officer Dan Monick of the Palmer Township Police Department observed appellant driving a vehicle which did not have a driver's side-view mirror. Unable to determine whether the car was equipped with a rear-view mirror, Officer Monick stopped the vehicle. As appellant produced his driver's license and registration, Officer Monick detected an odor of alcohol on appellant's breath. The officer also observed that appellant's eyes were glassy and bloodshot. Appellant was asked to exit the vehicle and undergo field sobriety testing. At the conclusion of the tests, appellant was arrested and taken to the Bethlehem D.U.I. Center, for blood analysis. The results, obtained from a blood sample drawn at approximately 7:40 p.m., revealed a blood-alcohol content of .156%.

On December 9, 1993, following trial by jury, appellant was convicted of driving under the influence of alcohol. Post-verdict motions were filed and subsequently denied. Appel-

lant was sentenced to a term of thirty (30) days to two (2) years imprisonment and ordered to pay all applicable costs as well as a fine of seven hundred and fifty dollars ($750.00). Appellant was also required to surrender his driver's license and complete fifty (50) hours of community service. This timely appeal followed.

Appellant contends that the evidence of intoxication produced at trial, should have been excluded as evidence derived from an unlawful stop.

■ An officer may conduct a lawful traffic stop if he or she reasonably believes that a provision of the Motor Vehicle Code has been violated. 75 Pa.C.S. § 6308. *Commonwealth v. McElroy*, 428 Pa.Super. 69, 630 A.2d 35 (1993).

In the instant case, Officer Monick noticed that the car driven by appellant did not have a side-view mirror. The failure to equip a car with a side-view mirror does not constitute a Motor Vehicle Code violation. However, 75 Pa. C.S. § 4534 provides in pertinent part:

No person shall operate a motor vehicle or combination on a highway unless the vehicle or combination is equipped with at least one mirror, or similar device, which provides the driver an unobstructed view of the highway to the rear of the vehicle or combination.

75 Pa.C.S. § 4534. Here, the position of a passenger seated in the rear of the car, prevented Officer Monick from determining whether appellant's car also lacked a rear-view mirror. In order to find out whether the car was properly equipped pursuant to 75 Pa.C.S. § 4534, Officer Monick conducted a traffic stop.

■ We note that a search is not conducted nor is the Fourth Amendment implicated when a police officer observes the plainly viewable interior of a vehicle. *Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985). Further, where an officer observes a Motor Vehicle Code equipment violation from a vantage point at which he is entitled to be and subsequently conducts a traffic stop, the Fourth Amendment is not violated. Wayne R. LaFave, Search and Seizure A

Treatise on the Fourth Amendment, § 2.5. However, if a vehicle in motion is stopped before the officer observes the equipment violation, the officer must first have probable cause to conduct a lawful stop, or the Fourth Amendment is implicated and any evidence discovered would be a fruit of the illegal seizure of the vehicle. *Id.*

In the instant case, there were no objective facts to indicate that appellant's car had no mirror. *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975) (an investigative stop of a moving vehicle is valid only where objective facts exist to create a reasonable belief that criminal activity is afoot). Instead, the officer assumed that as the car did not have a driver's side-view mirror, it might also lack a rear-view mirror. The officer further concluded that he could conduct a traffic stop to investigate the matter further. This court has unequivocally held that mere suspicion is not a substitute for probable cause to conduct a search or a seizure. *Commonwealth v. Parker,* 422 Pa.Super. 393, 619 A.2d 735 (1993). *See also Commonwealth v. Landamus,* 333 Pa.Super. 382, 482 A.2d 619 (1984) (mere fact that vehicle may have been involved in commission of crime does not automatically authorize its search and seizure). *Cf. Commonwealth v. Ferrari,* 376 Pa.Super. 307, 545 A.2d 1372 (1988) (plain view of clown's wig which officer believed had been used in robbery spree justified search and seizure of automobile). Consequently, as the officer's observations taken together amounted to nothing more that mere suspicion that a Motor Vehicle Code violation had occurred, the traffic stop was unlawful and all evidence derived therefrom is inadmissible at trial. Accordingly, as evidence derived from the traffic stop was improperly included at trial, we reverse and remand for a new trial.[1]

Reversed and remanded for a new trial. Jurisdiction relinquished.

1. Following our disposition of appellant's claim that the traffic stop was unlawful, we need not address the appellant's claim concerning relation-back testimony.