J-S51022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALLEN KELLY | |
| Appellant | No. 871 MDA 2013 |

Appeal from the PCRA Order April 17, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001708-2008

BEFORE: BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2015**

Allen Kelly appeals from the order entered in the Court of Common Pleas of York County, that denied, after a hearing, his first, timely request for relief, filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9741 *et seq*. On December 11, 2008, Kelly pleaded guilty to driving under the influence — highest rate of alcohol (third offense), and the trial court sentenced him to a term of imprisonment of one to five years.[1] The charges arose after Kelly was stopped for a motor vehicle code violation — making a right turn on a red light.[2] The sole issue raised in this appeal is Kelly's claim that prior counsel were ineffective in failing to file a

---

[1] *See* 75 Pa.C.S. § 3802(c).

[2] *See* 75 Pa.C.S. § 3112(a)(3)(i).

suppression motion on his behalf "based upon the incorrect information contained in the Criminal Complaint and Affidavit of Probable Cause and the issues surrounding the Officer's honesty and truthfulness[.]"  Kelly's Brief at 4.  For the following reasons, we affirm.

The history of this case is discussed in this Court's opinion filed in connection with Kelly's direct appeal. **Commonwealth v. Kelly**, 5 A.3d 370 (Pa. Super. 2010), *appeal denied*, 32 A.3d 1276 (Pa. 2011).[3]

The PCRA court explains the basis of the present appeal as follows:

> [Kelly] had difficulty with several Attorneys while pending trial. He elected to proceed *pro se* and entered a plea based on a plea agreement.
>
> At the recent PCRA hearing [Kelly] contend[ed] that his Attorney[s] should have filed a suppression motion and it was the Attorney[s'] failure to do so that cause[d] his disagreements with them.

---

[3] Generally, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

The Pennsylvania Supreme Court denied Kelly's petition for allowance of appeal on November 1, 2011.  Thereafter, Kelly's judgment became final on January 30, 2012, at the end of the 90-day period for filing a petition for writ of *certiorari* in the United States Supreme Court.  As Kelly filed the present PCRA petition on December 20, 2012, the petition is timely.

[Kelly] has filed a 1925(b) statement that the motion to suppress would have had merit, and that there was no legitimate trial strategy for not filing a suppression motion.

Each of [Kelly's] prior attorneys testified that they did not file a suppression motion because they deemed it to be without merit.

PCRA Opinion, 6/20/2013, at 1.

At the outset, we state our standard of review:

Our standard of review of a PCRA court's denial of a petition for postconviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Further, considering just the specific claim appellant has raised in this appeal, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). As our supreme court has stated:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

- 3 -

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (case citations omitted).

The failure to file a suppression motion may be evidence of ineffective assistance of counsel. ***Commonwealth v. Ransome***, 402 A.2d 1379, 1381–1382 (Pa. 1979). However, if the grounds underpinning the suppression motion or objection are without merit, counsel will not be deemed to have been ineffective in failing to so move or object. ***Id.*** at 1382.

Here, Kelly maintains that "[t]here were numerous errors in the Criminal Complaint and Affidavit of Probable Cause. Each one by themselves may not be sufficient to file a motion. However, the totality warranted the filing of a suppression motion." Kelly's Brief at 9 ("Summary of Argument").

Kelly's prior counsel who represented him prior to the entry of his final guilty plea testified at the PCRA hearing concerning their representation. Anthony Tambourino, Esquire, who represented Kelly beginning in February to March of 2008, testified that inaccuracies in the criminal complaint regarding the race and ethnicity would have no impact for purposes of a suppression motion. Furthermore, Mr. Tambourino stated that although Kelly believed the stop was pretextual, the stop was made for a motor vehicle code violation. Finally, Mr. Tambourino testified that he read the statement in the criminal complaint that an alcoholic odor was coming from the "passenger compartment" to mean inside of the car. He stated that

based upon the affidavit of probable cause and his discussions with Kelly, Kelly had not provided any evidence that what the officer said was untrue.

Ronald Jackson, Esquire, who represented Kelly from September, 2008, to November 2008, testified that he became involved as standby counsel at the hearing on Kelly's request to withdraw his guilty plea. Jackson testified that Kelly filed a *pro se* motion to suppress because he received an unsigned copy of the affidavit, and that this *pro se* motion was denied by the trial judge.[4] Mr. Jackson further testified that he was aware of Kelly's concerns but did not see any reason to file a suppression motion where it was "strictly a credibility issue with the officer in regards to the stop and being a motor vehicle violation, where the ethnicity issue was an issue that would go to the officer's recollection,"[5] and that he took the officer's statement that alcohol was detected coming from the "passenger compartment" to mean the inside of the car. He reiterated that he did not feel a suppression motion had any merit.

---

[4] ***See Commonwealth v. Kelly, supra***, 5 A.3d at 371 n.2 ("While Kelly acknowledged he received the signed copy of the affidavit he also argued the affidavit had been signed only 'after the fact that [he] put a motion in.' N.T., 9/22/08, at 4. Judge Blackwell, after hearing argument from both counsel and Kelly, concluded the issue was frivolous. ***Id.*** at 3.") & n.3 (noting Judge Blackwell denied Kelly's *pro se* motion omnibus pretrial motion).

[5] N.T., 4/17/2013, at 24–25.

Scott McCabe, Esquire, who was appointed to represent Kelly in November of 2008, testified that there was no basis to file a suppression motion since the officer had a reason to stop the car, "and that was the right turn on red."[6] He testified "there were not errors that you would file a pretrial motion for."[7] He stated: "What [Kelly] wanted is against what the law says and I'm not in the practice of filing meritless, frivolous motions."[8]

At the PCRA hearing, Lori Yost, Esquire, who was appointed to assist Kelly in post-sentence/appeal proceedings also presented testimony concerning her representation to "complete the record with respect to what … her involvement was in the case."[9] She testified she filed an appeal on behalf of Kelly, and argued that his plea was involuntary because he was not represented by counsel at that time. She stated that this Court affirmed the decision of the trial court, and she then filed a petition for allowance of appeal in the Supreme Court, which was denied. She further stated that she did not file a petition for reconsideration, as she did not see a legitimate basis for reconsideration. She added that Kelly did not request her to file a petition for reconsideration. Finally, she stated that she was aware that

---

[6] N.T., 4/17/2013, at 44.

[7] *Id.* at 41.

[8] *Id.* at 43.

[9] *See* N.T., 4/17/2013, at 50–51.

- 6 -

Kelly was unhappy with his prior counsel for not filing motions that he wanted them to file on his behalf.

Lastly, Kelly testified that he believed counsel was inappropriate because "none of them wanted to do what I wanted to do as far as suppressions or raising any issues or pretrial motions." N.T., 4/17/2013, at 71–72. He acknowledged that prior to the entry of his guilty plea, the trial judge advised him that he could go to trial, require the Commonwealth to prove its case, and raise any technical issues.

The PCRA court agreed with the conclusion of Kelly's counsel that there was no basis for filing a suppression motion, and denied the PCRA petition.[10] We conclude Kelly's argument presents no reason to disturb the PCRA court's conclusion.

A defendant "may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights." Pa.R.Crim.P. 581. Here, the record makes clear that counsel were aware of Kelly's concerns, and correctly concluded that no basis existed for the filing of a suppression motion. Although Kelly believed the stop was pretextual, "[a]n officer may conduct a lawful traffic stop if he or she reasonably believes that a provision of the Motor Vehicle Code has been violated. **Commonwealth v. Steinmetz**, 656 A.2d 527, 528 (Pa. Super.

_____

[10] **See** N.T., 4/17/2013, at 106. The PCRA court reiterated its conclusion in its Pa.R.A.P. 1925(a) opinion. **See** PCRA Court Opinion, 6/20/2013, at 2.

1995). ***See also Commonwealth v. Busser***, 56 A.3d 419, 424 (Pa. Super. 2012) (officer's observations enabled him to articulate specific facts that established an unequivocal motor vehicle code violation, and therefore probable cause existed and stop was lawful), *appeal denied*, 74 A.3d 125 (Pa. 2013). Furthermore, the inaccuracies in the criminal complaint with regard to the wrong checked boxes for race and ethnicity, and the description of an alcoholic odor in the "passenger compartment" do not demonstrate any "violation of the defendant's rights" that would not provide a basis for a suppression motion. Pa.R.Crim.P. 581. Therefore, counsel cannot be held ineffective for failing to file a meritless motion. ***See Ransome, supra.***

Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015

- 8 -