## Commonwealth *v.* Lewis, Appellant.

Argued November 13, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*I. Leonard Hoffman,* with him *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellant.

*David Richman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 18, 1971:

William S. Lewis was convicted of receiving stolen goods and conspiracy after a trial before a judge without a jury. Post-trial motions were denied, and a prison sentence of 11½ to 23 months was imposed on the receiving stolen goods conviction.[1] On appeal the Su-

---

[1] On the conspiracy conviction, Lewis was sentenced to a period of probation.

perior Court affirmed without opinion [Judge HOFF-MAN noted a dissent]. We granted allocatur to examine whether or not certain incriminating evidence offered against Lewis at trial resulted from a constitutionally impermissible search and seizure.[2]

The pertinent facts disclosed by the record are these:

At about 4 a.m. on June 7, 1967, a police officer stopped a panel truck operated by Lewis for a violation of The Vehicle Code [operating a motor vehicle without lighted rear lights]. William Brown was a passenger in the vehicle at the time. The officer asked Lewis for identification cards, and he produced his driver's license and a recently dated rental agreement for the truck from the Hertz Company. The lessee named in this agreement was Francis Nagle. The officer then observed four cartons in the truck, secured with binding steel bands. The flap of one of the cartons was open. The officer asked Lewis and Brown how they came into possession of the cartons, and what the cartons contained. One of the occupants of the vehicle replied that the cartons were found on the highway and contained old rags.[3] The officer entered the truck and looked into the partially-opened carton, and then informed Lewis and Brown that he was taking them and the truck to police headquarters for investigation.

At headquarters the cartons were removed from the truck and opened by the police without a search warrant having been obtained. A quantity of men's pants were enclosed. Lewis and Brown were released from custody with the truck about 6 a.m., but the cartons were retained.

---

[2] A timely motion to suppress this evidence was denied by the trial court.

[3] The officer also testified that the occupants of the vehicle gave "conflicting stories" concerning the cartons, but he did not spell out what these "conflicting stories" were.

In the weeks that followed, a police investigation ensued and on September 26, 1967, it was ascertained that the cartons involved and their contents had been stolen during a burglary of a business property in Philadelphia on June seventh. Warrants were then issued charging Lewis and Brown with receiving stolen goods and conspiracy. At their subsequent trial, the cartons, plus the testimony of the police concerning the seizure of the cartons were received in evidence against them over objection.

As we recently stated in *Commonwealth v. Dussell*, 439 Pa. 392, 266 A. 2d 659 (1970), the stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic offense does not, without more, permit a warrantless search of the vehicle. To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants. See *Commonwealth v. Dussell*, supra, and authorities cited therein.

The facts in the instant case are insufficient to justify a finding that the police officer had probable cause for the search involved. Prior thereto he had no knowledge or information of a felony having been committed, nor was he on the lookout for a truck involved in such a crime. Even after he made the on-the-spot search, there was no arrest admittedly, because he was not sure of what he had on his hands and was only suspicious that the cartons may have come into possession of the occupants of the vehicle through unlawful means. Mere suspicion or good faith on the part of the officer was

not enough to render the search constitutionally permissible. *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868 (1968), and *Commonwealth v. Dussell,* supra. Nor may the fruits of the search be used to justify it. *Commonwealth v. Dussell,* supra.

While the recent decision in *Chambers v. Maroney,* 399 U.S. 42, 90 S. Ct. 1975 (1970), may be read as broadening police authority to make warrantless searches of movable vehicles, a close study thereof manifests that it did not change or even water down the requirement of probable cause before a search ensues. Moreover, what was said by the Court in *Chambers* must be read in connection with the facts presented. Therein the police knew an armed robbery had recently been committed and that the occupants of the vehicle stopped fit the description of the individuals who committed that crime. Additionally, the occupants of the vehicle were immediately arrested for the robbery. Nothing even remotely like that fact pattern appears in the instant case.

The Order of the Superior Court, and the Judgment of the court of original jurisdiction are reversed, and a new trial is ordered.

Mr. Justice JONES dissents.

Mr. Justice COHEN took no part in the decision of this case.