Commonwealth *v.* Brown, Appellant.

Argued September 15, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Andrea Levin,* Assistant Defender, with her *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1972:

Appellant contends that this Court must hold that a search and seizure was illegal with respect to him because the Supreme Court of Pennsylvania held that the search of an automobile occupied by the appellant and his co-defendant was illegal with respect to the co-defendant, *Commonwealth v. Lewis,* 442 Pa. 98, 275 A. 2d 51 (1971). The facts of the search as set forth in *Lewis* are identical to the circumstances presented in the instant matter. Appellant is also in the same posture with respect to standing as his co-defendant Lewis. If this Court fails to effectuate the *Lewis* opinion by holding that the search is valid with respect to the appellant, we would deny appellant the same protection of his constitutional rights as was accorded his co-defendant. See *Commonwealth v. Fleming,* 221 Pa. Superior Ct. 481, 291 A. 2d 874 (1972); *Commonwealth v. Fleischman,* 221 Pa. Superior Ct. 482, 291 A. 2d 874 (1972).

Accordingly, the judgment of the lower court is reversed and a new trial ordered.

DISSENTING OPINION BY PACKEL, J.:

Separate appeals were taken by co-defendants William S. Lewis and William H. Brown, who were found guilty of conspiracy and receiving stolen goods. In *Commonwealth v. Lewis,* 442 Pa. 98, 275 A. 2d 51 (1971), the Supreme Court granted Lewis a new trial because evidence introduced at the trial should have

been suppressed as the fruit of a search for which the police lacked probable cause. In this appeal, Brown contends that since the very same search is in question he too is entitled to a new trial.

Brown and Lewis were in a truck that was stopped for a traffic violation at 4:30 in the morning. Upon seeing four large cartons secured with steel bands in the rear of the truck, the police officers inquired as to their contents and received conflicting answers. At Brown's pretrial suppression hearing, one of the officers testified that Brown said to him something like "couldn't we make some sort of a deal?" The significant difference in the two appeals is that this attempt at a bribe was not in evidence at Lewis' suppression hearing or at the trial. Thus the Supreme Court did not have this crucial fact before it as part of the record when the *Lewis* appeal was decided. Brown contends that the offer of a bribe was considered by the Supreme Court since it was mentioned in the Commonwealth's brief. Even so, the fact not being of record was not properly before the Court, and thus not open to its consideration.

The Court in the *Lewis* appeal, in considering the legality of the search of a motor vehicle involved in a traffic offense, stated the test as follows (442 Pa. at 101, 275 A. 2d at 52) : "[A]n officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants." The offer of a bribe, coupled with the other circumstances in this case, gave the police officers reasonable cause to believe that evi-

dence of a crime was concealed within the vehicle. Thus the search and seizure was justified and suppression was properly denied.

Judgment of sentence should be affirmed.

WRIGHT, P. J., and WATKINS, J., join in this dissenting opinion.