493 A.2d 1346

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard MILYAK a/k/a Richard Kaufman, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 4, 1985.

Decided June 4, 1985.

Vincent R. Baginski, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kemal Alexander Mericli, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the order of the Superior Court[1] affirming the judgment of sentence of guilty of burglary, receiving stolen goods and conspiracy entered against appellant following a jury trial. We granted allowance of appeal limited to a review of the constitutional validity of a warrantless search of a van.

On February 3, 1981, shortly after 12:00 midnight, police officers of the North Versailles Police Department responded to a report that the back door of a local hardware store was open. Investigating police observed pry marks evident

---

1. *Commonwealth v. Milyak,* 327 Pa.Superior Ct. 601, 474 A.2d 675 (1984).

on the door jamb and determined that several televisions and microwave ovens had been stolen from the store. A witness who observed suspicious activity near the back door earlier in the evening gave the police a description of the vehicle observed, a 1975 gold Dodge passenger-type van, with sliding doors.

Later that evening, at approximately 2:30 a.m., one of the responding officers observed a gold van matching the witness' description pull into the parking lot of a restaurant less than a mile from the hardware store. The officer observed the occupants enter the restaurant and called for backup, whereupon the police examined the interior of the van which was described as having many windows. The police officers, with the aid of a flashlight, looked through the windows of the van and observed a television antenna, a crowbar and a television set with a tag attached indicating that the set was from the hardware store. On these observations, the persons who had occupied the vehicle, including the appellant,[2] were arrested inside the restaurant and placed in a police vehicle. The police then opened the van, which was unlocked, and removed the items mentioned and the van was subsequently towed to the police station.

The Superior Court held that the warrantless seizure of the evidence from the interior of the van was valid under the Fourth Amendment of the United States Constitution,[3] citing *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1971) permitting warrantless search of an automobile where the officers have probable cause to be-

**2.** Appellant's standing to challenge the validity of the seizure of the evidence is established by this Court's decision in *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983).

**3.** Appellant's petition for allowance of appeal stated the claim of unconstitutionality as specifically based upon only the Fourth Amendment of the United States Constitution. Our rules of appellate procedure mandate that our appellate review shall be limited to those issues raised in the petition for allowance of appeal upon which this Court acts in granting allowance of appeal, Pa.R.A.P. 1115(a)(3). We therefore do not address the applicability and effect of Article 1, § 8 of the Pennsylvania Constitution.

lieve, *inter alia*, that the vehicle was used in furtherance of the commission of a felony, or that evidence of a crime is concealed within. *Commonwealth v. Milyak*, 327 Pa.Superior Ct. 601, 474 A.2d 675 (1984).

■ Initially it is noteworthy to observe that the application of Fourth Amendment coverage must often be analyzed separately with respect to the initial observation and subsequent seizure of the same article. Thus, while the visual observation of an article may not violate any reasonable expectation of privacy, and thus obviate the application of the Fourth Amendment, the seizure of the same article may trigger the protection of the Fourth Amendment. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion); *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *See Commonwealth v. Chiesa*, 329 Pa.Superior Ct. 401, 478 A.2d 850 (1984).

■ Appellant's argument highlights this distinction for appellant argues, first, that the flashlight-aided police observation of the interior of the van from a vantage point outside the van was unconstitutional[4] and, second, that the subsequent seizure of the evidence from the van was unconstitutional.

■ However, no search triggering the protection of the Fourth Amendment is conducted where an officer observes the plainly viewable interior of a vehicle:

> [T]here is no reason [a police officer] should be precluded from observing as an officer what would be entirely

---

4. Appellant also argues that the view of the interior cannot be justified as a "plain view" because it lacks a purported requirement of "inadvertence." However, this argument misconstrues the plain view doctrine's "inadvertence" requirement which relates to the class of cases in which a legal intrusion into a constitutionally protected area has already occurred and it is clear that the protection of the Fourth Amendment is applicable. This is different from the threshold inquiry whether the Fourth Amendment is applicable at all. *Texas v. Brown*, 460 U.S. at 738, fn. 4, 103 S.Ct. at 1540, fn. 4, 75 L.Ed.2d at 511, fn. 4.

visible to him as a private citizen. There is no legitimate expectation of privacy ... shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers. In short, the conduct that enabled [the officer] to observe the interior of [the] car and of [the] open glove compartment was not a search within the meaning of the Fourth Amendment.

*Texas v. Brown*, 460 U.S. at 740, 103 S.Ct. at 1542, 75 L.Ed.2d at 512–513 (citations omitted). *See also Colorado v. Bannister*, 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980); *Commonwealth v. Adams*, 234 Pa.Superior Ct. 475, 341 A.2d 206 (1975); *Commonwealth v. DeJesus*, 226 Pa.Superior Ct. 79, 310 A.2d 323 (1973). The police action in this case in observing[5] the contents of the interior of the vehicle from a vantage point outside the vehicle infringed no legitimate expectation of privacy. Accordingly, appellant's argument is without merit.

Appellant's next argument that the seizure of the items from the van following the occupants' arrest and confinement to a police vehicle was violative of the Fourth Amendment of the United States Constitution is likewise without merit.

■■■■ While searches and seizures conducted outside the judicial process, without prior approval by a magistrate, are generally unreasonable under the Fourth Amendment, *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967); *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290 (1978), there is an established departure from the warrant requirement for certain automobile searches based on the inherent mobility of vehicles, with the consequent practical problems in obtaining a warrant prior to infringing a legitimate expecta-

---

**5.** Appellant concedes that the use of artificial light to look into a vehicle is generally justified, *Texas v. Brown, supra; United States v. Lee*, 274 U.S. 559, 563, 47 S.Ct. 746, 748, 71 L.Ed. 1202 (1927); *See Commonwealth v. Bentley*, 276 Pa.Superior Ct. 41, 419 A.2d 85 (1980) (use of flashlight did not negate plain visibility); *Commonwealth v. Clelland*, 227 Pa.Superior Ct. 384, 323 A.2d 60, 61 (1974).

tion of privacy, and on the "diminished expectation of privacy which is accorded automobiles because of their open construction, their function, and their subjection to a myriad of state regulations." *Commonwealth v. Timko,* 491 Pa. 32, 38, 417 A.2d 620, 623 (1980) *citing United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *see also, South Dakota v. Opperman,* 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976); *Commonwealth v. Mangini,* 478 Pa. 147, 386 A.2d 482 (1978). Accordingly, as stated by this Court in *Commonwealth v. Lewis,* 442 Pa. 98, 275 A.2d 51 (1971):

> To justify ... a [warrantless] search ..., an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants.

*Id.,* 442 Pa. at 101, 275 A.2d at 52; *see also, Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972) *citing Chambers v. Maroney, supra; Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Dussell,* 439 Pa. 392, 266 A.2d 659 (1970) *citing Dyke v. Taylor Implement Manufacturing Co.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). Thus, where there exists probable cause related to the vehicle or its occupants, a search of the vehicle is permissible. Under that standard, the police in the instant case, at the moment they physically entered the interior of the van and seized the evidence acted properly. Independent probable cause existed to believe that the van had been used in the perpetration of a felony, in that it matched a description given by a witness, was within a mile of the burglary scene and the police legally observed, as discussed *supra,* certain items plainly visible in the van confirming the connection of the van to the burglary.

We perceive no encroachment upon the general rule as stated in *Lewis, supra,* by virtue of a more protective rule by the United States Supreme Court. The holding of *Chambers v. Maroney, supra,* cited with approval in *Commonwealth v. Shaffer, supra,* was recently reaffirmed and extended to permit the warrantless search of closed containers found within a vehicle, *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *But see Commonwealth v. Timko, supra;* and, earlier, to permit the post-arrest warrantless seizure of the contents of a vehicle based upon plain view *alone* without regard to any exigent circumstances, *Colorado v. Bannister,* 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980).[6] Accordingly, the general rule of *Chambers* remains undisturbed absent the adoption by this Court of a more protective view of the Fourth Amendment.

■ Such a course appears not to be grounded upon a compelling necessity for the rationale underlying the holding in *Chambers v. Maroney, supra,* remains valid. The alternative holding, which is impliedly rejected by the current established rule permitting on-the-spot search upon probable cause, would be to require immobilization of the vehicle pending the issuance of a warrant. Impoundment itself constitutes a seizure subject to the protection of the Fourth Amendment and it is indeed debatable whether, given probable cause to seize an entire automobile and its contents based upon the legal observation of plainly incriminating evidence within the vehicle, it is not putting form over substance to then require police, having already instituted the intrusion of warrantless seizure of the entire vehicle to refrain, pending the issuance of a warrant, from the actual seizure of evidence *already plainly viewed.*

So was it observed in *Chambers v. Maroney, supra,* that given the constitutional preference for a magistrate's judgment, the alternative to immediate search is to require the

6. The holding of *Colorado v. Bannister, supra* thus denies relief under the Fourth Amendment based upon appellant's claim that no exigency justifying a warrantless search of the van existed once appellant his co-actors were arrested and placed in the police vehicle.

immobilization of the vehicle until a search warrant is obtained. Thus, arguably, only this "lesser" intrusion of seizing the automobile is permissible until a magistrate authorizes the "greater" intrusion of searching it. However, the question of which was the "greater" and which the "lesser" intrusion is itself a debatable question to which the answer might depend on a "variety of circumstances." *Id.* 399 U.S. at 51–52, 90 S.Ct. at 1981, 26 L.Ed.2d at 428. The court was thus unable to conclude whether immediate warrantless search or temporary seizure was the "lesser" intrusion, and thus held that the Fourth Amendment authorized both:

> For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

*Id.* at 52, 90 S.Ct. at 1981, 26 L.Ed.2d at 428.

 Thus, while it is clear that as a matter of federal case law impoundment is not required, concern may arise that the holding of this Court in *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978), indicated an intention to re-examine the issue. In *Holzer*, the propriety of the warrantless impoundment of an automobile, where the owner or user was already in custody but where there was probable cause to believe that evidence of the commission of a crime was in the automobile, was upheld. While the car itself was impounded, at no time prior to the issuance of the warrant was the interior of the car searched. This Court viewed the possibility that Holzer's confederate as well as friends and family may remove the automobile warranted the intrusion of warrantless seizure of the automobile and its contents, because otherwise the vehicle could easily be removed and the evidence lost. Accordingly, citing *Chambers v. Maroney*, we upheld as constitutionally permissible the police action of impoundment where the "seizure occurs after the user or owner has been placed into custody, where the

vehicle is located on public property, and where there exists probable cause to believe that evidence of the commission of a crime will be obtained from the vehicle." *Id.*, 480 Pa. at 103–104, 389 A.2d at 106 (footnote omitted). Our decision in *Holzer* thus held impoundment to be merely an alternative, not a requirement.

Accordingly, there being no relief affordable to appellant under the Fourth Amendment of the United States Constitution, the order of the Superior Court is affirmed.

ZAPPALA, J., joins this Majority Opinion and files a Concurring Opinion.

ZAPPALA, Justice, concurring.

I am compelled to join in the Majority Opinion because of Appellant's failure to timely raise state constitutional grounds in his challenge to the propriety of the search of the van.