549 A.2d 578

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gloria RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 18, 1988.

Filed Sept. 21, 1988.

Reargument Denied Nov. 14, 1988.

Richard K. Renn, York, for appellant.

William H. Graff, Jr., Assistant District Attorney, York, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and MONTEMURO, JJ.

26

OLSZEWSKI, Judge:

Appellant, Gloria Rodriguez, takes this appeal from the July 17, 1987, judgment of sentence of the Court of Common Pleas of York County. Appellant was convicted of possession of drugs with intent to deliver. Pa.Stat.Ann.Tit. 35 § 780–113(a)(30) (Purdon 1986). Appellant was sentenced to a period of imprisonment of not less than one year and not more than two years.

On appeal, Appellant raises three issues for our consideration: (1) whether the trial court erred in refusing to suppress the evidence seized in a search of her automobile, (2) whether the denial of Appellant's request for a new trial because trial counsel was ineffective was proper, and (3) whether the evidence was sufficient to sustain the verdict of the lower court on the charge of possession of drugs with intent to deliver. We will discuss these issues *seriatim*.

On November 15, 1985, police received information from an informant that appellant and her husband were delivering cocaine to subjects in the York area and to the mobile home of Stephen Conn. Police observed appellant's vehicle in York on that day and were later advised by the informant that appellant and her husband had already delivered drugs to Conn.

A second informant told police that appellant and her husband were transporting cocaine to the York area and, more specifically, that on November 23, 1985, they were in the east end of York. Police followed up on this information and observed appellant's vehicle in York City.

On November 27, 1985, informant #2 informed police that appellant and her husband would be coming to York to deliver drugs. Police then observed appellant's vehicle on Route I–83 entering York, but lost sight of it before it entered the city. Appellant's vehicle was later discovered by the police parked outside of the residence of Stephen Conn.

Officers observed appellant's vehicle exiting the trailer court where Stephen Conn resided. Police pursued and stopped the vehicle on Route 234. After a search of the vehicle revealed cocaine and a large sum of money, appellant and her husband were arrested. The police then immediately returned to the Conn residence and found cocaine and other drug-related paraphernalia. Appellant's vehicle was later secured, and an inventory search disclosed additional cocaine and heroin.

Next we must examine the procedural posture in which we find this case. We now set out the sequence of events in pertinent part. On November 27, 1985, appellant was charged by complaint with possession of drugs with intent to deliver and criminal conspiracy. A pre-trial suppression hearing was held at which motions to suppress were denied in an opinion dated February 20, 1987. The case was then tried and a guilty verdict was entered on April 20, 1987. On June 3, 1987, post-trial motions on the suppression issue were denied. Appellant was sentenced on July 17, 1987. An appeal was filed on August 12, 1987, by appellant through previous counsel; but as no briefs were ever submitted, the appeal was dismissed on December 10, 1987. Appellant filed a PCHA petition on February 9, 1988, setting forth the above three issues. The PCHA order of March 7, 1988, permitted appellant to file this appeal *nunc pro tunc.*

We now turn to appellant's first contention: failure of the trial court to suppress evidence. Our initial task in reviewing the ruling of a suppression court is to determine whether the factual findings are supported by the record. We must then determine the legitimacy of the inferences and legal conclusions drawn from those facts. Since the trial court found for the prosecution on this motion, we will consider only the evidence of the prosecution and so much of the evidence for the defense which, as fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Lark,* 505 Pa. 126, 129, 477 A.2d 857, 859 (1984) (citations omitted); *Commonwealth v. Monarch,*

510 Pa. 138, 146–47, 507 A.2d 74, 78 (1986) (citations omitted).

Basic constitutional jurisprudence holds that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967) (footnotes omitted). Both United States and Pennsylvania constitutional law permit the warrantless search and seizure of automobiles if based upon probable cause and accompanied by exigent circumstances. *Coolidge v. New Hampshire*, 403 U.S. 443, 454, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564, 575–76 (1971); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985). This exception was created based on the inherent mobility of vehicles, with the consequent practical problems in obtaining a warrant prior to searching and on the "diminished expectation of privacy which is accorded automobiles because of their open construction, their function and their subjection to a myriad of state regulations." *Milyak*, 508 Pa. at 8, 493 A.2d at 1349 (citing *Commonwealth v. Timko*, 491 Pa. 32, 38, 417 A.2d 620, 623 (1980)) (additional citations omitted). Thus, our initial consideration must be whether the police had probable cause to stop and search appellant's vehicle. We find that such probable cause existed.

Probable cause is a flexible, common-sense standard which "merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime." *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502, 514 (1983) (citations omitted). As our Supreme Court stated in *Commonwealth v. Lewis*, 442 Pa. 98, 101, 275 A.2d 51, 52 (1971):

To justify . . . a [warrantless] search . . . an officer must have independent probable cause to believe that a felony

has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons contained therein which are accessible to the occupants.

*Id. See also Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972). "Thus, where there exists probable cause related to the vehicle or its occupants, a search of the vehicle is permissible." *Milyak,* 508 Pa. at 8, 493 A.2d at 1349.

As to the determination of probable cause in actions involving informants, the Supreme Court enunciated the "totality-of-the-circumstances" approach in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This test was adopted by the Pennsylvania Supreme Court in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985).

In examining the totality of the circumstances, the court must scrutinize (1) the specific information provided by the informants, (2) the reliability of the informants, and (3) the independent corroboration of the information. *Gates, supra.* The information in this case does satisfy these three elements.

As to the first, the information provided by the informants consisted of the following:

(1) that the Rodriguezes brought cocaine into York in the past;

(2) that on the 15th of November, the Rodriguezes would be bringing drugs to York to sell;

(3) that they would deliver drugs to an address on Bergman Street in York and to Stephen Conn's residence;

(4) that the Rodriguezes actually delivered drugs to Stephen Conn's residence prior to the officer's observation of the Rodriguezes at the Bergman Street address;

(5) that on the 23rd and 27th of November, the Rodriguezes would again be in York to deliver drugs at the two above-mentioned addresses;

(6) that the Rodriguezes had several different vehicles including a black Trans Am, a white Chevy, and two or three cycles;

(7) that Conn would receive anywhere from one to three ounces of cocaine from the Rodriguezes; and

(8) that the Rodriguezes would quickly get rid of the drugs.

Police testimony demonstrated the reliability of the confidential informants. Informant # 1, a poly-drug user, had provided information in the past which led to the issuance of four search warrants, four arrests, and the confiscation of large amounts of drugs. Informant # 2, also a poly-drug user, had given information in the past to the police officers in this case which had proven to be correct. As we noted in *Commonwealth v. Benjamin*, 260 Pa.Super. 1, 393 A.2d 982 (1978), "past 'investigative leads' that proved reliable and accurate were a sufficient indicator of the informant's reliability"; convictions are not the *sine qua non* of reliability. *Id.*, 260 Pa.Superior Ct. at 7, 393 A.2d 985; *see also Commonwealth v. White*, 311 Pa.Super. 146, 152, 457 A.2d 537, 539 (1983).

Finally, the independent corroboration of the information was affected in two ways. First, two independent and distinct informants provided the same information. The statements of different informants may corroborate each other. *Commonwealth v. Jones*, 506 Pa. 262, 270–71, 484 A.2d 1383, 1388 (1984), and case cited therein. Secondly, police surveillance established the following:

1. On the 15th of November, the officers observed Mr. Rodriguez at 535 Bergman Street and later identified a car parked in the neighborhood with New Jersey tags which proved to be registered to Mrs. Rodriguez;

2. They called the informant on the 15th of November and were informed that the Rodriguezes had been to the

Conn residence prior to their being at the Bergman Street address;

3. On the 23rd of November, the officers again found the Rodriguezes' car in the City of York as the informant had said it would be;

4. On the 27th of November, the officers saw the Rodriguezes' car entering York via Route 83 and later observed it parked at the Conn residence.

Trial court opinion on motion to suppress, February 20, 1987, at 5. Because "only a probability or substantial chance of criminal activity, not an actual showing of such activity [is required].... innocent behavior frequently will provide the basis for a showing of probable cause." *Gates,* 462 U.S. at 243 n. 13, 103 S.Ct. 2335 n. 13, 76 L.Ed.2d at 552 n. 13.

Thus, we conclude that the officers had probable cause to search the vehicle based upon the information provided by the informants whose reliability was established and whose information was independently corroborated. *See Jones, supra.*

Since probable cause has been established, our next inquiry must be whether exigent circumstances existed such that immediate action was necessary. As our Supreme Court has stated,

> The warrant requirement ... is excused where exigent circumstances exist ... Exceptions arise when the need for prompt police action is imperative, either because evidence sought to be preserved is likely to be destroyed or secreted from investigation, or because the officer must protect himself from danger to his person by checking for concealed weapons.

*Commonwealth v. Landamus,* 333 Pa.Super. 382, 390, 482 A.2d 619, 623 (1984) (quoting *Coolidge v. New Hampshire, supra; Commonwealth v. Dussell,* 439 Pa. 392, 266 A.2d 659 (1970); *Milyak, supra,* and citations therein). In *Chambers v. Maroney,* 399 U.S. at 52, 90 S.Ct. at 1981, 26 L.Ed.2d at 428, the Supreme Court stated:

For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to the magistrate and on the other hand carrying out the immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

*Id. See also, United States v. Ross,* 456 U.S. 798, 807 n. 9, 102 S.Ct. 2157, 2163 n. 9, 72 L.Ed.2d 572, 582 (1982).

■ Appellant's vehicle was mobile just prior to the search, and so the opportunity for search was fleeting. Additionally, it was believed that a felony had been committed and that evidence of it might be destroyed or removed from the car and/or jurisdiction if not obtained. Therefore, we find that both probable cause and exigent circumstances existed, thus permitting a warrantless search of appellant's vehicle.

Appellant's second issue raises two claims of ineffective assistance of counsel: (1) failure by counsel to allow appellant to testify, and (2) failure of counsel to disclose the conflict of interest caused by representing both appellant and her ex-husband. When reviewing a claim of ineffectiveness of counsel, this Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). If the issue is found to be of arguable merit, our inquiry shifts to a determination of whether counsel's actions had a reasonable basis in promoting the client's interests. *Id.* Finally, appellant must demonstrate that the ineffectiveness was prejudicial to the point of having an adverse effect upon the outcome of the proceedings. *See Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The burden of proving counsel's ineffectiveness rests on the party claiming such, as counsel is presumed to be effective. *See Commonwealth v. Verdekal,* 351 Pa.Super. 412, 506 A.2d 415 (1986).

■ As to the first claim of ineffectiveness, we note that it is well established that the decision of whether to testify on one's own behalf rests solely on the defendant. *Com-*

*monwealth v. Rawles,* 501 Pa. 514, 525 n. 3, 462 A.2d 619, 624 n. 3 (1983). We also note that in *Rawles* our Supreme Court stated that the record indicated no disagreement between appellant and his trial counsel as to the course taken. *Id.* We find the record before us to be the same; thus, the first claim underlying the charge of ineffective assistance of counsel is meritless.

■ As to the second claim of ineffectiveness, it is again well established that dual representation alone does not create or indicate a conflict of interest. *Commonwealth v. Joyner,* 489 Pa. 502, 506, 414 A.2d 1003, 1005 (1980). Although it is true that the mere existence of a conflict of interest will vitiate the proceedings, *Commonwealth v. Westbrook,* 484 Pa. 534, 400 A.2d 160 (1979), such conflict must appear from the facts of the proceeding as they appear on record. *Commonwealth v. Burch,* 248 Pa.Super. 8, 14, 374 A.2d 1291, 1293 (1977). Appellant here claims, after the fact, to have had a defense which was inconsistent with that of her co-defendant. This defense was not communicated to her counsel and, therefore, was not used at trial. Where neither defendant relies on a defense which is antagonistic to that of the other, no conflict is made out. *Joyner,* 489 Pa. at 506, 414 A.2d at 1005. Counsel, then, cannot be deemed ineffective for failure to pursue a defense of which he was not informed. *Cf. Commonwealth v. Madison,* 501 Pa. 485, 491, 462 A.2d 228, 231 (1983) (counsel deemed effective when failure to call witness was due to failure of defendant to notify counsel of existence of witness). We again find that this underlying claim of ineffective assistance of counsel is without merit. Therefore, we find that appellant was provided effective assistance of counsel.

Appellant's third and final allegation of error is that the evidence was insufficient to sustain the verdict. This issue is waived because appellant failed to preserve it by including it in her post-verdict motions. *Commonwealth v. Seachrist,* 478 Pa. 621, 623, 387 A.2d 661, 662 (1978); *Com-*

*monwealth v. Goins,* 348 Pa.Super. 22, 24, 501 A.2d 279, 280 (1985).

Judgment of sentence affirmed.