585 A.2d 988

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gloria RODRIGUEZ, Appellant.**

Supreme Court of Pennsylvania.

Argued May 10, 1990.

Decided Jan. 15, 1991.

Richard K. Renn, York, for appellant.

H. Stanley Rebert, Dist. Atty., Mark A. Bellavia, Deputy Dist. Atty., Christy H. Fawcett, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDEROTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.*

The matter presented to this Court is whether there was sufficient probable cause to search the automobile owned by appellant, Gloria Rodriguez, and if so, were the circumstances such that a search warrant was not needed.[1]

On November 15, 1985, police received information from two reliable informants that appellant and her husband would be coming into York, Pennsylvania, to sell cocaine. The police had been told that appellant and her husband could be driving any one of several vehicles, including a black Trans Am, a white Chevy, and two or three motorcycles. The informants had also told the police that when appellant and her husband came into the York area, they would distribute the cocaine very quickly. Appellant's hus-

---

* This case was reassigned to this writer on August 8, 1990.

1. Appellant also argues that the evidence was insufficient to sustain her conviction of possession of drugs with intent to deliver. 35 Pa.S. § 780–113(30). This issue will be addressed *infra.*

band, Mr. Rodriguez, was observed on the afternoon of the 15th, carrying food and drink into a house on Bergman Street, in York, PA. The police observed a tan Ford Mustang with New Jersey license plates parked half a block from the house. A check of the registration revealed that the vehicle was registered in appellant's name. The police then contacted one of the informants who told them that the cocaine had already been delivered to the residence of one Stephen Conn that day, which residence was located at a trailer court in Jackson Township.

On November 23, 1985, police were again told by their informants that appellant and her husband were coming to York. The police sighted the aforementioned Ford Mustang that day in the City of York, but appellant and her husband were not observed.

On November 27, 1985, the informants told the police that appellant and her husband were coming into the York area. The police observed the aforementioned Ford Mustang traveling south on Interstate 83 at about noon that day, but they were unable to follow it, and they could not determine who was in the vehicle. The police surveilled various locations in York, but did not see the Mustang again until they proceeded to the Stephen Conn residence about forty-five minutes after first spotting the automobile. Forty minutes later, when appellant and her husband were seen driving away from the Conn residence, the police stopped the Mustang and conducted a preliminary search of the vehicle. Cocaine and a large amount of cash were found during the search. Appellant and her husband were then placed under arrest, and subsequent searches of the automobile and appellant uncovered more cocaine, heroin, cutting agents, a .38 caliber revolver, a notebook with drug transaction notations, and more cash.

The Court of Common Pleas of York County denied appellant's motion to suppress the evidence seized as a result of the warrantless search of her automobile, and, following a non-jury trial, appellant was convicted of possession of drugs with intent to deliver (35 Pa.S.

§ 780–113(30)). She was sentenced to a one to two year term of imprisonment. Appellant's appeal to the Superior Court was dismissed for failure of counsel to file a brief. The trial court reinstated her right of appeal following a hearing on appellant's Post Conviction Hearing Act (PCHA) petition. The Superior Court affirmed the judgment of sentence, 379 Pa.Super. 24, 549 A.2d 578 and this Court granted appellant's petition for allowance of appeal. We now affirm the decision of the Superior Court.

This Court has stated that:

> While searches and seizures conducted outside the judicial process, without prior approval by a magistrate, are generally unreasonable under the Fourth Amendment, there is an established departure from the warrant requirement for certain automobile searches based on the inherent mobility of vehicles, with the consequent practical problems in obtaining a warrant prior to infringing a legitimate expectation of privacy, and on the "diminished expectation of privacy which is accorded automobiles because of their open construction, their function, and their subjection to a myriad of state regulations."

*Commonwealth v. Milyak*, 508 Pa. 2, 7–8, 493 A.2d 1346, 1349 (1985) (citations omitted).

■ Thus, where there is probable cause related to the vehicle or its occupants, and where the exigencies of the situation compel an immediate search of the vehicle, a warrantless search of an automobile does not offend the Fourth Amendment. *Id.* Appellant argues that the evidence seized as a result of the warrantless search of her automobile should have been suppressed as the police lacked probable cause to search the vehicle and as there was sufficient opportunity for the police to obtain a search warrant before searching her automobile.

■ In this Commonwealth, the standard for evaluating whether probable cause exists is the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See Common-*

*wealth v. Baker,* 513 Pa. 23, 518 A.2d 802 (1986), *Common-wealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). The bench mark of a warrantless arrest is the existence of probable cause, namely, whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. *Commonwealth v. Wagner,* 486 Pa. 548, 406 A.2d 1026 (1979). Applying that test to the within case, the veracity and basis of knowledge of those persons supplying hearsay information must be examined to determine whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Baker, supra,* 513 Pa. at 26, 518 A.2d at 803.

■ The informants who provided the police with information regarding the illegal activities of appellant were multi-drug users, one of whom had previously supplied information to the police that had led to the issuance of four search warrants, the arrest of four persons, and the confiscation of large quantities of drugs. Each time the informants told police that appellant and her husband would be traveling to York to sell drugs, the police had observed them or their vehicle in York. On the date that police conducted the search in question, the appellant and her husband were seen entering appellant's automobile which was parked outside the residence of someone to whom appellant and her husband had sold drugs in the past, on a day specified by these reliable informants that appellant and her husband would be in York County selling drugs. Thus, under our "totality of the circumstances" test, there was probable cause for the police to search appellant's automobile.

■ With regard to appellant's claim that the police had sufficient opportunity to obtain a search warrant before conducting the search of her automobile, the police did not know until they saw appellant's Ford Mustang on a high-

way in York County on November 27, 1985, that appellant and her husband would be traveling in York County in that particular automobile. The information that the police had received from informants indicated that appellant and her husband had used several different automobiles and motorcycles when delivering drugs in the county on prior occasions.

In addition, the police did not know exactly where in York, Pa., appellant and her husband would be going on November 27; thus, they did not know which magistrate would have jurisdiction to issue a search warrant. Pa.R. Crim.P. Rule 2001 (location of person or thing to be searched determines who is proper issuing authority). It was only because appellant and her husband fortuitously happened to be delivering drugs to the residence of a person who had been known to purchase drugs from appellant and her husband in the past that the police were able to relocate appellant's vehicle after initially spotting and then losing sight of it on November 27.

The police also knew, on the basis of information supplied by informants, that appellant and her husband distributed cocaine "as rapidly as possible ... to get it out of their possession." Notes of Testimony at 39 (Suppression Hearing, Feb. 25, 1986). The police stopped appellant's automobile immediately after they had ascertained that appellant and her husband were the occupants of the vehicle, and while the vehicle was moving away from the residence of one of appellant's known "customers." Under these circumstances, there was *no* opportunity for the police to obtain a search warrant prior to searching the appellant's automobile. In *Commonwealth v. Baker*, 518 Pa. 145, 149, 541 A.2d 1381, 1383 (1988), this Court held that where police do not have advance knowledge that "a *particular* vehicle carrying evidence of crime would be parked in a *particular* locale, ... the exigencies of the mobility of the vehicle and of there having been inadequate time and opportunity to obtain a warrant rendered the search [without a warrant] proper." (emphasis added). Thus, we affirm the Superior

Court's holding that both probable cause and exigent circumstances existed to justify the warrantless search of appellant's automobile.

The Superior Court did not address the issue of the sufficiency of the evidence, finding that it had been waived by the failure of appellant to raise the issue in post-trial motions. Although the issue of the sufficiency of the evidence was not raised in appellant's post-trial motions, the issue of trial counsel's failure to raise the sufficiency of the evidence issue *was* raised in appellant's PCHA petition. Appellant, represented for the first time by new counsel, alleged in her PCHA petition that her trial counsel was ineffective for failing to raise the issue of the sufficiency of the evidence in appellant's motion for post-trial relief.

■ The PCHA court did not specifically address the issue of counsel's ineffectiveness for failure to raise the sufficiency of the evidence issue in appellant's post-trial motions. Rather, the PCHA court simply deferred consideration of the issue underlying the ineffectiveness claim, i.e., the sufficiency of the evidence issue, to the appellate courts, after reinstating appellant's right to appeal on the basis of trial counsel's ineffectiveness for failing to file a brief in the Superior Court.[2] This deference is patently incorrect. *See Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977) (post-conviction hearing court, having determined that petitioner is entitled to pursue appeal, must not rule upon merits of remaining claims for relief *unless the claims were not previously ruled upon by the trial*

---

**2.** The PCHA court stated, in relevant part:

We also note that in regards to the whole question of whether the evidence is convincing overwhelmingly that this lower Court has already ruled on that issue through the suppression motion and through the decision of Judge McCullough in a nonjury trial, that this Court would not be in a position to overrule those decisions and if they are going to be overruled, that it should be the appellant [sic] courts that would overrule them, not the common pleas. We feel we do substantial justice in the case simply by restoring the appellant [sic] rights and giving the Defendant the right to pursue the suppression issue and the issue raised in this Post Conviction Appeal.

Opinion and Order of the Court at 3 (Mar. 7, 1988).

*court*). In the interest of judicial economy, however, we will decide the merits of the sufficiency claim. *See Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975).

■ A search of the Rodriguez vehicle revealed approximately three ounces of cocaine and 77 glassine packets containing heroin. The heroin, when processed, would have a street value of about $1540. The three ounces of cocaine would have a street value of about $7200. During the search of the vehicle, the police also seized cutting agents, including: mannitol and lidocaine. Appellant had $2850 in cash on her person. Additionally, when police conducted the search of the Conn residence, the residence last visited by appellant and her husband, they discovered cocaine with an approximate street value of $2850. Cutting agents, scales, and packaging materials were also confiscated from the Conn residence. This evidence was clearly sufficient to prove that appellant possessed drugs with intent to deliver, and thus trial counsel was not ineffective for failing to raise this issue in post-trial motions.

Accordingly, the order of the Superior Court, affirming the judgment of sentence, is hereby affirmed.

FLAHERTY, J., files a dissenting opinion joined by NIX, C.J., and ZAPPALA, J.

FLAHERTY, Justice, dissenting.

I dissent. The vehicle search which yielded evidence leading to the conviction of the appellant, Gloria Rodriguez, was conducted under circumstances where a warrant could reasonably have been obtained. Inasmuch as this search was conducted without a warrant, suppression of the evidence is required.

On November 15, 1985, police were notified by two confidential informants that, later that same day, appellant and her husband would be driving to York, Pennsylvania to sell cocaine. The informants had, on previous occasions, told police that appellant and her husband were driving into the area to sell drugs. Police observed appellant's vehicle,

bearing a New Jersey license plate, in York that day and were told by one of the informants that appellant had delivered cocaine at the residence of one Stephen Conn. On November 23, 1985, one of the informants again notified police that appellant would be driving to York to sell drugs. Later that day, police again observed appellant's vehicle in York.

Between 10:00 a.m. and 10:30 a.m. on November 27, 1985, police were told by one of the informants that appellant would be driving into York to sell cocaine that day. The informant stated that appellant frequently drove different vehicles on drug-dealing trips to York, and that it was uncertain whether the same vehicle would be used that had been observed on previous occasions. The informant also stated that appellant always carried a firearm, and that appellant and her husband always made distributions of cocaine as rapidly as possible to minimize the time that they held cocaine in their possession. In response to this information, police set up a surveillance point along a highway leading into York. Shortly after noon, police observed appellant's vehicle travelling past the surveillance point. It was the same vehicle that had been observed on November 15 and 23. Police were unable to follow the vehicle, due to traffic conditions; hence a search for the vehicle was soon commenced. Around 1:45 p.m., police found the vehicle parked in front of the residence of Stephen Conn. At 2:00 p.m., appellant and her husband departed from the Conn residence in the vehicle. Within several minutes, and without having obtained a warrant, police stopped the vehicle and conducted a preliminary search. The search yielded cocaine and a large sum of money, $1,500.00. Appellant and her husband were placed under arrest. Police returned to the Conn residence and searched it.* Appellant's vehicle

---

* Evidence obtained in the search of the Conn residence is not at issue here, but it may be noted that, inasmuch as an initial search of that residence was conducted without a warrant, under circumstances where a warrant could have been obtained, suppression of the evidence was required when Conn was prosecuted. *Commonwealth v.*

was then taken to a police barracks, where an inventory search was conducted. The inventory search disclosed additional drugs and drug paraphernalia, including substantial quantities of cocaine and heroin, as well as a gun.

Police testimony at the suppression hearing indicated that, although police believed they had probable cause to obtain a warrant upon learning from their informant that appellant would be entering the York area on November 27, 1985, a warrant was not obtained because there was uncertainty regarding the exact type of vehicle that appellant would be driving as well as uncertainty regarding the exact location where appellant's vehicle would ultimately be found. For example, one officer testified:

Q. So, you're telling the Court the reason you didn't get a search warrant was because you didn't know which vehicle they were driving?

A. Yes.

. . . .

Q. You had no information this day that they were going to be at the Conn house?

A. Correct.

Q. You went there because someone had told you that they had dealt with him or he had dealt with them in the past, correct?

A. Correct.

Nevertheless, under the circumstances presented, police had ample grounds and sufficient opportunity to obtain a search warrant. Evidence obtained through the warrantless search should, therefore, be suppressed.

This Court has repeatedly addressed the question of whether, and under what circumstances, search warrants are required when vehicles are to be searched. Recently, in *Commonwealth v. Ionata*, 518 Pa. 472, 477, 544 A.2d 917, 919–20 (1988) (Opinion in Support of Affirmance), we stated:

*Conn*, 377 Pa.Super. 442, 547 A.2d 768 (1988), appeal denied, 521 Pa. 617, 557 A.2d 721 (1989).

[S]ubject to certain carefully delineated exceptions ... the presence of exigent circumstances, which create practical problems in obtaining a warrant prior to infringing a legitimate expectation of privacy, is necessary to justify a warrantless vehicle search. See *Commonwealth v. Cockfield*, 431 Pa. at [639] 643, 246 A.2d [381] at 383 [ (1968) ] ("Whenever *practicable*, the police must obtain advance judicial approval of searches and seizures through warrant procedure....") (emphasis added); *Commonwealth v. Holzer*, 480 Pa. 93, 103, 389 A.2d 101, 106 (1978) (Under the Fourth Amendment to the United States Constitution, and under Art. I, § 8 of the Pennsylvania Constitution, "[i]t is clear that there is no 'automobile exception' as such and that constitutional protections are applicable to searches and seizures of a person's car.... Yet, in considering the reasonableness of a given search or seizure of an automobile, the need for a warrant is often excused by exigent circumstances.")

Accord *Commonwealth v. Baker*, 518 Pa. 145, 148, 541 A.2d 1381, 1383 (1988) ("[C]ertain exigencies may render the obtaining of a warrant not reasonably practicable under the circumstances of a given case, and, when that occurs, vehicle searches conducted without warrants have been deemed proper where probable cause was present.").

The reliability of the informants in this case was clear. The informant who told police that appellant would be driving into York to sell drugs on November 27, 1985 had previously supplied information to police regarding appellant's trips to York. Police observations had confirmed the accuracy of this information. The other informant, who also supplied information about appellant's earlier drug-dealing trips to York, had on prior occasions provided accurate information to police in connection with other drug cases. This information had led to the issuance of four search warrants, the arrest of four persons, and the confiscation of large quantities of drugs. This informant was a multi-drug user who was very knowledgeable about drugs. Thus, prior to November 27, 1985, police had on multiple

occasions received information from two independent and reliable informants that appellant was using a vehicle to transport drugs into York for the purpose of conducting drug sales. Upon learning between 10:00 a.m. and 10:30 a.m. on November 27, 1985 that appellant was again going to transport drugs into York, police should have obtained a warrant to search appellant's vehicle. See generally *Commonwealth v. Gray*, 509 Pa. 476, 485, 503 A.2d 921, 926 (1985) (search warrants can be issued on the basis of information supplied by confidential informants where probable cause is established by the totality of the circumstances).

The mere fact that police did not know whether appellant would be driving the same vehicle as was observed on earlier trips to York does not excuse the need for a warrant. Nor is it an excuse that police did not know the exact location, within the York vicinity, where appellant's vehicle would be found. A warrant could plainly have been issued to allow a search of *whatever* vehicle appellant might be driving into the York vicinity on November 27, 1985. The requirement that search warrants be particular in their description of the areas to be searched would not have been violated by such a description, for, under the circumstances, it would have been impossible to provide a more particular description. See Pa. Const. art. 1, § 8 ("[N]o warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause...."); *Commonwealth v. Grossman*, 521 Pa. 290, 296, 555 A.2d 896, 899 (1989) (warrants must be as "particular as is reasonably possible.").

The facts pertaining to the search of appellant's vehicle simply do not provide a basis for finding any exigent circumstances that would have excused the need for a warrant. Indeed, upon receiving a tip from one of their informants, at least three and one-half hours before stopping appellant's vehicle, police had grounds for obtaining a warrant. During this three and one-half hour period, police observed nothing overtly suspicious or criminal in

appellant's behavior. The stop was not, therefore, based upon grounds other than those which existed when police received information from their informant that appellant would be transporting drugs into York that day. Police knew that appellant had previously delivered drugs at the Conn residence, so it cannot be said that the discovery of appellant's vehicle in front of the Conn residence was new information supplying probable cause. The Conn residence was merely one of the destinations in York that police knew to be a destination for appellant's drug deliveries. The case is not one, therefore, where additional or independent grounds for a search arose after receipt of the informant's tip. Further, it should be noted that the record of the suppression hearing indicates that a magistrate's office was located just a ten minute drive from the surveillance point where police observed appellant's vehicle entering the York vicinity around noon on the day in question. Despite their earlier failure to request a warrant, police did not attempt, even after having observed the vehicle, to obtain a warrant.

Inasmuch as the warrantless search of appellant's vehicle was conducted under circumstances where a warrant could reasonably have been obtained, suppression of evidence obtained through the search was required. Appellant should be awarded a new trial.

NIX, C.J., and ZAPPALA, J., join in this dissenting opinion.