## Commonwealth v. Hughes

378

*William H. Graff, Jr., assistant district attorney,* for the Commonwealth.
*John J. Moran, II,* for defendant.

UHLER, *J.,* November 2, 1992—This case comes before this court on defendants' motion to suppress evidence which was found on a warrantless search on May 8, 1992.

On May 8, 1992, at approximately midnight, Officers Bloss and Knauer were walking, in uniform, in the parking lot of Vennies Bar. While walking, Officer Bloss observed a 1983 blue Honda Accord with its engine running and occupied by two individuals. Officer Bloss also noticed that the driver was smoking something because the glow from it drew his attention. The officer thought the individual was smoking marijuana and decided to investigate further. Officer Bloss approached the vehicle on the driver's side, while Officer Knauer approached from the passenger's side. Upon getting closer, the smell from the burning object indicated it was a cigarette. However, Officer Bloss then shined his flashlight through the back window of the vehicle, startling the individuals in the car. Officer Bloss, at this time, apparently saw the driver shove something into the ashtray with his right hand, although he only saw it for a few seconds and he did not know what he saw.

Officer Bloss than asked the two for identification. The information was obtained and then the two in-

dividuals were asked to exit their vehicle. Concerned for their safety, the officers then conducted a "pat down" on the individuals. After finding no weapons, Officer Bloss then searched the car for weapons, while the occupants remained outside. He looked in the back seat, under the seats, etc. Again, no weapons were found; however, Officer Bloss then looked into the ashtray where he thought he had seen the driver shove something. Between the ashtray and the lower part of the dash, Officer Bloss found a small closed box of Anbesol. Officer Bloss opened the box and found a clear plastic baggie with a white powdery substance in it. At this time, both individuals were taken into custody and taken to the York City Police Department. The substance was later field-tested and was found positive for cocaine. The two were charged with possession of a controlled substance.

On October 14, 1992, a hearing was held before this court on defendant's motion to suppress the drugs which were found during the warrantless search on May 8, 1992.

The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 889 (1968). "While searches and seizures conducted outside the judicial process, without prior approval by a magistrate, are generally unreasonable under the Fourth Amendment, there is an established departure from the warrant requirement for certain automobile searches based on the inherent mobility of vehicles ... and on the diminished expectation of privacy which is accorded automobiles because of their open construction." *Commonwealth v. Milyak*, 508 Pa. 2, 7-8, 493 A.2d 1346, 1349 (1985).

"To justify ... a [warrantless] search ... an officer must have independent probable cause to believe that a felony has been committed by the occupants ... or that there are weapons therein which are accessible to the occupants." *Id.* (quoting *Commonwealth v. Lewis,* 442 Pa. 98, 101, 275 A.2d 51, 52 (1971)).

In the case at hand, the officers testified that they thought the occupants in the car were smoking marijuana. However, when they approached the vehicle, the officers could tell from the odor that the occupants were smoking only cigarettes, not marijuana.[1] Thus, they could not establish independent probable cause.

The officers also claimed they saw the driver shove something into the ashtray. However, Officer Bloss stated that it could have been anything. The Commonwealth contends that this "something" was in plain view. The plain view exception requires "that before the police may conduct a warrantless search or seizure of evidence in plain view, the police must be lawfully present ..., the discovery of the evidence must be inadvertent; and, the probable evidentiary value of the evidence must be immediately apparent." *Commonwealth v. Ferrari,* 376 Pa. Super. 307, 326, 545 A.2d 1372, 1381 (1988). In the case at hand, it is this court's opinion that the evidence was not in plain view. The officer testified that he saw the object for only a few seconds and

---

1. The Supreme Court of the United States has held that an odor may be sufficient to establish probable cause for the issuance of a search warrant. See *Commonwealth v. Stainbrook,* 324 Pa. Super. 410, 471 A.2d 1223 (1984) (citing *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct 741, 13 L.Ed.2d 684 (1965). In *Commonwealth v. Stoner,* 236 Pa. Super. 161, 344 A.2d 633 (1975), the court analogized a "plain smell" concept with that of "plain view" and held that where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause.

that it could have been anything. Also, this court points out that the cocaine was in a closed box and that the officer testified that he had to open it in order to find the substance inside. "[T]he seizure of property in plain view involves no invasion of privacy and is *presumptively* reasonable *assuming that there is probable cause to associate the property with criminal activity.*" *Commonwealth v. Kendrick,* 340 Pa. Super. 563, 570, 490 A.2d 923, 927 (1985) (emphasis in original). In this case, as previously pointed out, the officers did not have independent probable cause nor did they have probable cause from seeing this object since the officer testified that it could have been anything and that he saw it for only a few seconds.

"The police must have probable cause to associate the property with criminal activity for the seizure of plain view items. Probable cause is to be determined using a flexible common sense standard. This standard requires that the facts available to an officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime ... ."

*United States v. Agnes,* 581 F. Supp. 462, 477 (1984). Looking at the facts available to this court, this court cannot find that the *Agnes* standard has been met.

Finally, the Commonwealth contends that the officers were concerned for their safety so they performed a weapons search of the vehicle and this search turned up the evidence in question. "A search for weapons in the absence of probable cause to arrest, however, must, like any other search be strictly circumscribed by the exigencies which justify its initiation." *Terry v. Ohio,* 392 U.S. 1, 25-26, 88 S.Ct. 1868, 20 L.Ed. 2d 889, 908 (1968). Thus, the search must be limited to that which is necessary for the discovery of weapons which might be used to harm

382

the officers or others. *Id.* In the case at hand, the officers first did a pat down upon the individuals. When they found nothing, the officers decided to search the car for weapons. It was after the search for weapons took place that Officer Bloss searched the ashtray. It is uncontested that a weapon could not fit in the ashtray. Thus, although a search for weapons may be performed without a warrant and without probable cause to arrest, the search must still be limited to that which is necessary for the discovery of weapons. *Id.*

In the case at hand, this court finds that the officers did not have probable cause to perform a search. Also, this court notes that even if the officers had reason to be concerned for their safety, the search of the car exceeded the limitations of a proper weapons search.

An appropriate order shall be entered.

### ORDER

And now, to wit, November 2, 1992, this court orders that the defendants' motion be granted and the evidence obtained through the search on May 8, 1992, be suppressed.