691 A.2d 494

**COMMONWEALTH of Pennsylvania**

v.

**Charles R. BRITT, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 1997.

Filed March 19, 1997.

Scott A. Bradley, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

**634**

Erika P. Kreisman, Pittsburgh, for appellee.

Before TAMILIA, SAYLOR and SCHILLER, JJ.

SAYLOR, Judge.

This is an appeal by the Commonwealth from an order entered in the Court of Common Pleas of Allegheny County granting the motion of Appellee, Charles Britt, to suppress certain evidence.[1]

The suppression court has adequately summarized the underlying facts of this case as follows:

At approximately 3:00 or 4:00 p.m. of July 18, 1995, Detective Charles Knox received a tip from a reliable confidential informant that a drug transaction would take place at a certain location at approximately 8:00 that evening. Specifically, the informant told the detective she could make a phone call and have a quantity of crack cocaine delivered to a McDonald's restaurant on the corner of Wood Avenue and Penn Avenue in the Borough of Wilkinsburg. The detective was told that the suspect would be a bald, black male, possibly traveling with a black female, in an "older" black van.... [O]n the basis of the information received from the informant, detectives from Wilkinsburg, Penn Hills and Monroeville set up surveillance at McDonald's and at a car wash and a Dunkin' Donuts store located on either side of the McDonald's restaurant. In addition, the confidential informant accompanied the police to identify the defendant's vehicle.

After setting up surveillance, the detectives observed an older black van enter the McDonald's parking lot and back into a parking space, with the rear of his vehicle facing the Dunkin' Donuts store. A black female then exited the van and proceeded toward a pay telephone located about 30 feet away at Dunkin' Donuts. At that time, the detectives approached the van by pulling two unmarked vehicles into

---

1. The Commonwealth has certified in its notice of appeal that the grant of Appellee's suppression motion substantially handicaps or terminates the prosecution of Appellee on the specified charges. *See, Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985); Pa.R.A.P. 311(d).

the parking spaces on either side of the defendant's van. Detective Knox testified that two detectives approached the black female and detained her, while three other detectives approached the van with their guns drawn. After the detectives identified themselves as police officers, the defendant revved the engine and pulled out of the parking space at a high rate of speed and in a reckless manner. All of the detectives jumped out of the path of the van but one. The left hand of one of the detectives was hit by the side-view mirror of the defendant's van. The detective testified that all of the detectives were in the path of the van when the defendant pulled away. One of the officers then fired a shot at one of the defendant's tires. The detectives followed the van until it stopped, and the defendant was arrested.

A search of the immediate area near Appellee, incident to his arrest, yielded a small amount of cocaine in a bag that had fallen between the driver's seat and the van's door. Appellee was thereafter charged with aggravated assault, recklessly endangering another person and possession of a controlled substance. Appellee filed a motion to suppress all evidence obtained as a result of the search incident to his arrest, on the basis that the officers' approach and subsequent arrest of him was illegal, as the police had lacked probable cause to initially approach, stop, or search the van. A hearing was held, and the suppression court concluded that there was no probable cause to arrest Appellee on the basis of the information supplied by the informant,[2] nor were the facts sufficient to support a reasonable suspicion that crime was afoot.[3] Accordingly, the court ordered the suppression of all evidence obtained pursuant to the illegal arrest. This appeal by the

2. Specifically, the suppression court found that the description of the suspect and the vehicle provided by the informant had been "very vague," and that the reliability of the informant had not been established, insofar as there was no testimony that the informant had supplied the police with information which had resulted in an investigation or arrest on a previous occasion.

3. The suppression court noted that the fact that Appellee was observed pulling his van into a parking space while his female companion got out of the vehicle to use a public telephone was not a reasonable basis upon which to conclude that criminal activity was afoot.

Commonwealth followed, in which a single issue is raised for our review:

> Whether the suppression court erred by suppressing all evidence obtained concerning this incident; specifically, whether evidence relating to charges of aggravated assault and recklessly endangering another person was erroneously suppressed?

In reviewing an appeal by the Commonwealth from the ruling of the suppression court:

> "we must consider only the evidence of the ... appellee's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Baer,* 439 Pa.Super. 437, 654 A.2d 1058 (1995) (citation omitted). "If the evidence supports the factual findings of the [suppression] court, we are bound by such findings, and we may reverse only if the legal conclusions drawn therefrom are in error." *Commonwealth v. Espada,* 364 Pa.Super. 604, 528 A.2d 968, 969 (1987) (citation omitted).

*Commonwealth v. Bowersox,* 450 Pa.Super. 176, 178–179, 675 A.2d 718, 719–720 (1996) (footnote omitted).

The Supreme Court of Pennsylvania has recognized two instances in which police officers may effect a warrantless seizure of a person: the first is where the officers have probable cause to believe that a crime is being or is about to be committed, thereby justifying an arrest based on probable cause. *Commonwealth v. Duncan,* 514 Pa. 395, 525 A.2d 1177 (1987). The second instance is where the officers have reasonable suspicion that criminal activity is afoot, thus justifying a "stop and frisk" of the person, pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969). *See also, Commonwealth v. Melendez,* 544 Pa. 323, 676 A.2d 226 (1996); *Commonwealth v. Rodriquez,* 532 Pa. 62, 614 A.2d 1378 (1992).

Here, the Commonwealth argues that Appellee was neither detained nor arrested when the officers lawfully approached his van in the parking lot, and that after Appellee had sped

out of the parking lot in a manner which endangered the officers, they had probable cause to arrest him for aggravated assault and reckless endangerment. In the alternative, the Commonwealth asserts that even if the officers' actions in the parking lot constituted an illegal arrest or detention, Appellee's violent response to the officers' advances upon him in his vehicle was unjustified, thereby providing the officers with probable cause to arrest him for the above crimes. Accordingly, the Commonwealth contends that the evidence relating to the charges of aggravated assault and reckless endangerment was legally obtained, since it was incident to a lawful arrest for these offenses, and that the suppression court erred in granting Appellee's motion to suppress all evidence obtained as a result of the incident.

Appellee, however, contends that the actions of the police in the parking lot constituted an unlawful detention, since there was neither probable cause to believe that he had committed or was about to commit a crime, nor reasonable suspicion to believe that criminal activity was afoot. Appellee further claims that it was the unlawful actions of the police which elicited his response in driving away at a high rate of speed and accidentally hitting an officer's hand with the sideview mirror of the van. Accordingly, Appellee argues that his conduct did not provide the officers with a sufficient basis to pursue and arrest him for aggravated assault and reckless endangerment. Thus, Appellee asserts that all evidence obtained by the officers was properly suppressed as the fruit of an illegal arrest.

The decision of the Pennsylvania Supreme Court in the companion cases of *Commonwealth v. Biagini* and *Commonwealth v. Barry W.,* 540 Pa. 22, 655 A.2d 492 (1995), while not directly addressing the issue of suppression of evidence obtained as the fruit of an illegal arrest, is instructive in the present case, particularly with respect to the issue of whether the officers had probable cause to arrest Appellee for aggravated assault and the related offense of reckless endangerment.

The defendants in *Biagini* and *Barry W.* had been convicted of resisting arrest and aggravated assault. The defendant in *Biagini* had shaken himself free from the grasp of an officer who was attempting to arrest him for public intoxication and disorderly conduct. When the officer again attempted to seize the defendant, a scuffle ensued, and additional officers were needed to subdue him. The defendant in *Barry W.* was being pursued by officers who believed him to be in possession of narcotics. After the officers had seized the defendant, there was a struggle to subdue him, during which one of the officers cut his hand on the mirror of a parked car. On appeal, the Superior Court concluded that the defendants had been arrested without probable cause; however, the court affirmed both of Biagini's convictions, while only affirming Barry W.'s conviction for aggravated assault. Both defendants thereafter appealed to the Supreme Court.

The Supreme Court consolidated the appeals, in order to resolve the inconsistent decisions the Superior Court had rendered with respect to the defendants' convictions for resisting arrest. On appeal, the defendants argued that because the Superior Court had concluded that their arrests were unlawful, their convictions for resisting arrest could not be sustained. The defendants further contended that since their underlying arrests were unlawful, they were justified in physically resisting the police; therefore, because such resistance was justified, it could not serve as the basis for their aggravated assault convictions.

The Supreme Court, while agreeing that the convictions for resisting arrest should be reversed because the arrests had been unlawfully effectuated in the absence of probable cause, rejected the defendants' contention that an unlawful arrest justifies physical resistance to such arrest. "Physical resistance to a police officer is not only counter-productive to the orderly resolution of controversy, but it is also specifically prohibited by statute. 18 Pa.C.S. § 505(b)(1)(i). (The use of force is not justified to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful)." *Id.*, 540 Pa. at 33, 655 A.2d at 497–498.

With respect to the defendants' contention that their convictions for aggravated assault could not stand, the court stated:

The defendants want us to focus upon the initial actions of the police officers as a catalyst for all that flowed therefrom. The defendants argue that since the initial encounter was an "unlawful arrest," all the criminal charges which arose as a consequence of that arrest should be dismissed. However, as stated, the defendants were not justified in resisting an unlawful arrest. Therefore, they cannot avoid the consequences of their actions in resisting/assaulting the officers. . . .

*Id.*, 540 Pa. at 33–34, 655 A.2d at 498.

The court thereafter noted that the charges of aggravated assault had been brought under subsection (a)(3) of section 2702 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 101 et seq., which provides:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer . . . in the performance of duty.

The court concluded that because a lawful arrest was not an element of the crime of aggravated assault under § 2702(a)(3), the lawfulness of the arrest was irrelevant to such charges:

[I]f the police effectuate an arrest and the arrestee physically resists the officer, and subsequently the arrest is deemed to be without probable cause, nevertheless, the arrestee is guilty of aggravated assault because the officer was within the "performance of duty" when effectuating the arrest. In 1986 the legislature amended 18 Pa.C.S. § 2702(a)(3) and substituted the words "making or attempting to make a lawful arrest" with the phrase "in the performance of duty." This change broadened the scope of the statute, evidencing an intent to protect officers when effectuating all arrests, even those which are subsequently determined to have lacked probable cause at their inception. *See also* 18 Pa. C.S. § 505(b)(1)(i).

Thus, a lawful arrest is not an element of the crime charged. In order to sustain the convictions for aggravated assault, the Commonwealth must establish that [the officers] suffered bodily injury as a result of the intentional actions of the defendants, while the officers were "in the performance of their duty."

*Id.*, 540 Pa. at 34–35, 655 A.2d at 498.

Accordingly, the court affirmed the defendants' convictions for aggravated assault.

Here, in evaluating whether the officers had probable cause to arrest Appellee for aggravated assault and reckless endangerment, we note that "[i]n this Commonwealth, the standard for evaluating whether probable cause exists is the 'totality of the circumstances' test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)." *Commonwealth v. Rodriguez*, 526 Pa. 268, 272, 585 A.2d 988, 990 (1991). "Probable cause exists when the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Gibson*, 536 Pa. 123, 130, 638 A.2d 203, 206 (1994). "It is only the probability, and not a *prima facie* showing, of criminal activity that is the standard of probable cause for a warrantless arrest." *Commonwealth v. Quiles*, 422 Pa.Super. 153, 167, 619 A.2d 291, 298 (1993) (en banc).

In the present case, Appellee, like the defendants in *Biagini* and *Barry W.*, wants us to "focus upon the initial actions of the police officers as a catalyst for all that flowed therefrom," *Biagini, supra,* 540 Pa. at 33, 655 A.2d at 498, and hold that all evidence which was subsequently obtained was properly suppressed. However, like the defendants in *Biagini* and *Barry W.*, Appellee was not justified in resisting the officers' approach, and his conduct in fleeing from the officers after they had identified themselves as police constituted the type of conduct designed to inflict bodily injury upon the officers during the performance of their duty that is contemplated by subsection (a)(3) of the aggravated assault statute. Although

the record supports the suppression court's conclusion that the officers did not have probable cause to arrest Appellee based upon the information supplied by the informant, Appellee had no lawful reason to flee the officers in such a violent, reckless manner, whereby he evinced a blatant disregard for the officers' safety and in fact caused physical harm to one of the officers. Furthermore, Appellee's act of driving a large vehicle at a high speed in a reckless manner when the officers were standing nearby falls within the type of conduct described in 18 Pa.C.S.A. § 2705, which defines the offense of reckless endangerment: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Thus, under the totality of the circumstances, the officers had probable cause to pursue and arrest Appellee for both aggravated assault and reckless endangerment. Accordingly, the subsequent arrest of Appellee was valid, and all evidence obtained pursuant thereto was lawfully seized. Therefore, the suppression court erred in ordering that all evidence relating to this incident be suppressed, and such order is reversed.

Order reversed.