J. S58004/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TENETHIA TONI BRIGHT, : No. 2067 MDA 2016
:
Appellant :


Appeal from the Judgment of Sentence, September 16, 2016,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-CR-0001089-2015


BEFORE: GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 06, 2017**

Tenethia Toni Bright appeals from the judgment of sentence of

September 16, 2016, following her convictions of firearms not to be carried

without a license, possession of a small amount of marijuana, possession of

drug paraphernalia, and obscured plates.[1] After careful review, we affirm.

The trial court has aptly summarized the relevant facts of this matter

as follows:

> On June 23, 2015, Trooper Trevor Danko
> ("Trooper Danko") observed a red Chevrolet Cavalier
> traveling east on Interstate 80 without a license
> plate. Trooper Danko effectuated a traffic stop of
> the vehicle. Upon approach, Trooper Danko saw a
> piece of white paper taped to the back windshield of
> the vehicle. The paper was not taped flat against
> the glass, so it was only legible upon approach.

---

[1] 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(31)(i), 35 P.S.
§ 780-113(a)(32), and 75 Pa.C.S.A. § 1332(b)(3), respectively.

Trooper Danko spoke to the driver through the passenger window. The driver was [appellant]. [Appellant]'s minor son occupied the front passenger seat. Trooper Danko identified the odor of fresh marijuana emanating from the passenger side of the vehicle. After speaking with [appellant], Trooper Danko returned to his cruiser to run [appellant]'s license and registration and to call for backup.

When Trooper Danko had trouble accessing [appellant]'s information through his computer, he re-approached the vehicle to explain the delay. Trooper Danko then asked [appellant] to exit her vehicle. At that time, Trooper Danko told [appellant] he smelled marijuana and asked [appellant] if there was "any marijuana in the vehicle, or anything [I] need to know about in the vehicle." [Appellant] admitted she had given her son marijuana to hold. [Appellant]'s son handed a bag of marijuana to Trooper Danko. When Trooper Danko inquired if there was anything else in the vehicle he should be aware of, [appellant] told him she had a firearm in the back seat.

Trooper Danko asked [appellant] for permission to search the vehicle. [Appellant] did not give consent. Trooper Danko explained he was going to search anyway, because he had probable cause. Several other Troopers arrived at the scene and assisted in searching [appellant]'s vehicle. The Troopers discovered a loaded firearm in the back seat of the vehicle. During the search, [appellant] was not restrained.

Opinion and Order, 4/1/16 at 1-2.

Appellant's omnibus pre-trial motion was denied. On June 27, 2016, following a stipulated non-jury trial, appellant was found guilty of the above-mentioned offenses. Appellant was sentenced on September 16, 2016, to an aggregate term of 11½ to 23½ months' incarceration. Appellant

filed a timely post-sentence motion on September 23, 2016, which was denied on December 14, 2016.[2] This timely appeal followed on December 19, 2016. On December 20, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant complied on January 5, 2017, and the trial court has filed an opinion. (Docket #48, 50.)

Appellant has raised the following issues for this court's review:

> I. Did the lower court err in denying [appellant]'s motion to suppress all evidence obtained as a result of the illegal traffic stop?
>
> II. Did the lower court err in denying [appellant]'s motion to suppress all evidence obtained as a result of the violation of the ***Miranda***[3] Rule?

Appellant's brief at 4 (emphasis added).

> Our standard of review where an appellant appeals the denial of a suppression motion is well-established: we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. We are bound by facts supported by the record and

---

[2] The Commonwealth also filed a post-sentence motion requesting an upward modification of appellant's sentence which was denied on the same date. (Docket #44.) The Commonwealth has not filed an appeal.

[3] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

> may reverse only if the legal conclusions reached by the court below were erroneous.
>
> ***Commonwealth v. Scott***, 878 A.2d 874, 877 (Pa.Super. 2005), ***appeal denied***, 586 Pa. 749, 892 A.2d 823 (2005) (citations omitted).

***Commonwealth v. Smith***, 904 A.2d 30, 35 (Pa.Super. 2006).

Here, Trooper Danko stopped appellant for a suspected violation of Section 1332 of the Vehicle Code, "display of registration plate," which provides, in relevant part, as follows:

> **(a)** **General rule.--**Every registration plate shall, at all times, be securely fastened to the vehicle to which it is assigned or on which its use is authorized in accordance with regulations promulgated by the department.
>
> **(b)** **Obscuring plate.--**It is unlawful to display on any vehicle a registration plate which:
>
> > (3) is otherwise illegible at a reasonable distance or is obscured in any manner[.]

75 Pa.C.S.A. § 1332(a), (b)(3). Stopping a vehicle on the basis of a violation of 75 Pa.C.S.A. § 1332 requires the police officer to possess probable cause, as that is a violation that does not require further investigation. ***See Commonwealth v. Salter***, 121 A.3d 987, 993 (Pa.Super. 2015) (explaining when a traffic stop requires probable cause or reasonable suspicion).

> To determine whether probable cause exists, we must consider "whether the facts and circumstances which are within the knowledge of the officer at the

> time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime."

***Commonwealth v. Ibrahim***, 127 A.3d 819, 824 (Pa.Super. 2015), ***appeal denied***, 138 A.3d 3 (Pa. 2016), quoting ***Commonwealth v. Rodriguez***, 585 A.2d 988, 990 (Pa. 1991).

Trooper Danko testified that on June 23, 2015, he was sitting in the median of I-80 watching eastbound traffic when he observed appellant's vehicle. (Notes of testimony, 1/26/16 at 22.) Trooper Danko testified that appellant's vehicle did not appear to have a license plate: "It traveled in front of me and I looked for a registration plate, and I double looked. And I noticed where a registration plate is supposed to be on a bumper, there's no registration plate." (***Id.*** at 23.) At that time, Trooper Danko initiated a traffic stop. (***Id.***) Trooper Danko called in the traffic stop as a vehicle with unknown registration. (***Id.*** at 24.) It was not until Trooper Danko got out and approached the vehicle that he noticed a temporary registration taped to the back windshield. (***Id.*** at 24-25, 42.)

Clearly, Trooper Danko had probable cause to stop appellant based on the fact that he reasonably believed she was in violation of Section 1332 of the Vehicle Code. Appellant complains that he was mistaken because she did have a temporary registration taped to her rear windshield. (Appellant's brief at 12.) However, it is well established that a mistake of fact, if reasonable, can support a finding of probable cause to stop a motor vehicle.

*See*, *e.g.*, *Commonwealth v. Rachau*, 670 A.2d 731, 735 (Pa.Cmwlth. 1996) (distinguishing between a mistake of fact and a mistake of law). Here, Trooper Danko testified that due to the glare off the rear windshield, he could not see the white paper temporary registration until he had already stopped appellant's vehicle. (Notes of testimony, 1/26/16 at 42-43.) The trial court determined that Trooper Danko's mistake was reasonable under the circumstances. (Opinion and Order, 4/1/16 at 4.) We agree. Trooper Danko had probable cause to stop appellant's vehicle, and the trial court did not err in denying appellant's suppression motion on this basis.

Next, appellant argues that her statements to Trooper Danko were made during a custodial interrogation and that she did not receive *Miranda* warnings. Therefore, appellant contends that her inculpatory statements as well as the gun and marijuana recovered during the ensuing search of her vehicle should have been suppressed. We disagree.

> In this Commonwealth, the test for custodial interrogation is whether the suspect is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by said interrogation. Once it is established that a defendant is in custody (or his freedom of movement is curtailed in any significant way), *Miranda* warnings are necessary as a condition precedent to the admission of the accused's inculpatory statements.

*Commonwealth v. Proctor*, 657 A.2d 8, 10 (Pa.Super. 1995), *appeal denied*, 666 A.2d 1054 (Pa. 1995) (citations omitted). It is well settled that

the dictates of *Miranda* do not attach during an investigatory detention such as a *Terry* stop. *Commonwealth v. Kondash*, 808 A.2d 943, 948 (Pa.Super. 2002), citing *Miranda v. Arizona*, 384 U.S. 436, 477-478 (1966); *Proctor*, *supra*; *Commonwealth v. Kloch*, 327 A.2d 375, 380-381 (Pa.Super. 1975).

> The usual traffic stop constitutes an investigative rather than a custodial detention, unless, under the totality of the circumstances, the conditions and duration of the detention become the functional equivalent of arrest. Since an ordinary traffic stop is typically brief in duration and occurs in public view, such a stop is not custodial for *Miranda* purposes.

*Commonwealth v. Mannion*, 725 A.2d 196, 202 (Pa.Super. 1999) (*en banc*) (citations omitted). "A motorist has a statutory duty to bring his vehicle to a stop when a police officer so directs." *Id.*, citing 75 Pa.C.S.A. § 3733(a).

> An ordinary traffic stop becomes "custodial" when the stop involves coercive conditions, including, but not limited to, the suspect being forced into a patrol car and transported from the scene or being physically restrained. Such coercive conditions constitute "restraints comparable to arrest" so as to transform the investigative nature of an ordinary traffic stop into custodial interrogation.

*Id.* *See also Commonwealth v. Sullivan*, 581 A.2d 956 (Pa.Super. 1990) (defendant-motorist not in custody for *Miranda* purposes when subject to an ordinary traffic stop, and not placed under arrest, forced to enter a police patrol car, subjected to coercion, or subject to prolonged questioning).

Instantly, Trooper Danko testified that he asked appellant to step out of the vehicle.  (Notes of testimony, 1/26/16 at 29.)  The conversation took place on the side of the highway, in between the two vehicles.  (*Id.* at 30-31.)  Appellant was not in handcuffs or restrained in any way.  (*Id.* at 32.)  Trooper Danko testified that he did not raise his voice or unholster his weapon.  (*Id.* at 30, 33.)  Trooper Danko told appellant that he smelled marijuana and asked if there was marijuana in the vehicle; appellant stated that she had given the marijuana to her 17-year-old son to hold.  (*Id.* at 30.)  Trooper Danko then asked appellant if there was anything else in the vehicle that he needed to know about, and appellant related that there was a weapon in the vehicle.  (*Id.* at 33.)  At that point, Trooper Danko called for backup and they performed a search of the vehicle.  (*Id.* at 31.)  Even during the search, appellant and her son were not handcuffed or restrained in any way.  (*Id.* at 32.)  Trooper Danko estimated that approximately 10-12 minutes elapsed between the time he initiated the traffic stop and the search of appellant's vehicle.  (*Id.* at 34.)

Clearly, this was an ordinary traffic stop, and appellant was not in custody for *Miranda* purposes.  Appellant was not placed under arrest, handcuffed, forced to enter a patrol car, subjected to coercion, or subjected to prolonged questioning.  Therefore, *Miranda* warnings were not required.

For these reasons, the trial court did not err in denying appellant's pre-trial suppression motion.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017

---

[4] A third issue raised in appellant's Rule 1925(b) statement, that the trial court erred in denying her motion to dismiss on the basis that the Commonwealth failed to preserve exculpatory evidence, has been abandoned on appeal.